The State, ex rel. Louisiana-Pacific Corp., *v.* Industrial Commission of Ohio et al.

(No. 76-1332—Decided April 12, 1978.)

40

*Messrs. Roetzel & Andress, Mr. Robert Carabell* and
*Mr. William G. Trumpeter,* for relator.

*Mr. William J. Brown,* attorney general, and *Mr. Gerald H. Waterman,* for respondent Industrial Commission.

PER CURIAM. The issue to be resolved is whether a self-insurer under the workers' compensation law who continues to make compensation and medical payments while contesting the origin of a claim, and the injury for which benefits are being paid is determined to be attributable to an injury covered by the state fund, must be reimbursed by the state for such payments.

This court has upheld, in disparate circumstances, the right of an employer to seek reimbursement from the commission, and has recognized mandamus as a proper remedy to compel such reimbursement. *State, ex rel. Lange,* v. *Indus. Comm.* (1918), 98 Ohio St. 459; *State, ex rel. Hunt*

*& Dorman Mfg. Co.,* v. *Indus. Comm.* (1923), 108 Ohio St. 139

It is undisputed that the injury for which benefits were paid by the employer in claim No. 490610-22 was determined to be due to the injuries covered by claim No. 68-26660 paid from the state fund. Therefore, relator having shown a clear legal right to the relief requested, the writ of mandamus is hereby allowed.

*Writ allowed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.