THE STATE, EX REL. LIBERTY MUTUAL INSURANCE COMPANY, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as State, ex rel. Liberty Mut. Ins. Co., *v.* Indus. Comm. (1985), 18 Ohio St. 3d 290.]

(No. 84-798—Decided July 24, 1985.)

*Vorys, Sater, Seymour & Pease, Robert E. Tait* and *P. Douglas Barr,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, *Janet E. Jackson* and *Jeffrey W. Clark,* for appellee.

*Per Curiam.* The question on appeal is whether mandamus will issue to force appellee to reimburse appellant for money appellant paid to an Ohio employee injured on a job outside Ohio, when appellee has awarded the Ohio employee workers' compensation for that injury. To establish entitlement to a writ of mandamus appellant must establish three things: (1) that appellant has a clear legal right to the reimbursement, (2) that appellee is under a clear legal duty to reimburse, and (3) that appellant has no adequate remedy at law. *State, ex rel. Halloran,* v. *Zapatony* (1984), 15 Ohio St. 3d 73, 74.

Appellant has effectively demonstrated its clear legal right of action for reimbursement. It paid $198,374.04 in benefits to Houston as a result of his on-the-job injury. Appellee subsequently took responsibility for compensating Houston for that injury. Appellant should not be forced to pay a portion of appellee's now acknowledged debt to Houston merely because it was unclear immediately following the injury who would be responsible for compensating Houston.

The question of appellee's legal duty to reimburse is not so clear. No statute provides for the Industrial Commission to reimburse in the manner

called for by this case. This court has found a duty to reimburse in several cases similar to the case at bar. See *State, ex rel. Louisiana-Pacific Corp., v. Indus. Comm.* (1978), 54 Ohio St. 2d 39 [8 O.O.3d 35], and *State, ex rel. Lange, v. Indus. Comm.* (1918), 98 Ohio St. 459. Under a theory of unjust enrichment, appellee would be required to return the $198,374.04 that appellant advanced to Houston.

While *Lange* and *Louisiana-Pacific* provide that mandamus is the proper remedy to compel reimbursement, we find that there is an adequate remedy at law by way of an action for unjust enrichment in the Court of Claims. The *Lange* case was decided in 1918, long before the establishment of the Court of Claims in 1975. In *Louisiana-Pacific,* the claimant's injury, the Industrial Commission's award of benefits, and the commission's refusal to reimburse all occurred before the establishment of the Court of Claims. Thus, the legal remedy appropriate today was not available in those two cases and mandamus was proper. Today the Court of Claims regularly takes jurisdiction over, and decides, insurance subrogation suits against the state and its agents. In fact, appellant has filed an action in the Court of Claims which has been stayed pending the outcome of this case. Although appellant seems to have a legal right of action to reimbursement and appellee seems to have a legal duty to reimburse, the appropriate forum for determination on this matter is the Court of Claims. Consequently, the judgment of the court of appeals dismissing appellant's complaint for a writ of mandamus is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN and WRIGHT, JJ., concur.

DOUGLAS, J., dissents.