LIBERTY MUTUAL INSURANCE COMPANY, APPELLEE, *v.*
INDUSTRIAL COMMISSION OF OHIO, APPELLANT.

[Cite as Liberty Mut. Ins. Co. *v.* Indus. Comm. (1988), 40 Ohio St. 3d 109.]

(No. 87-1937—Submitted October 25, 1988—Decided December 21, 1988.)

WRIGHT, J. The sole issue presented is whether appellee is entitled to reimbursement from appellant. Because we believe appellee has established a right to reimbursement under a theory of unjust enrichment, we affirm the court of appeals.

In *Liberty Mutual I,* we held that appellee was not entitled to a writ of mandamus because an adequate remedy at law was available through an action in the Court of Claims. However, we also considered the other two prerequisites to entitlement to a writ of mandamus: whether appellee had a clear legal right to reimbursement and whether appellant had a clear legal duty to reimburse. In doing so we evidently confused the issues, stating first that "[t]he question of * * * [the commission's] legal duty to reimburse is not * * * clear," but also that "[u]nder a theory of unjust enrichment, * * * [the commission] would be required to return the $198,374.04 that * * * [Liberty Mutual] advanced to Houston." *Id.* at 291-292, 18 OBR at 341-342, 480 N.E. 2d at 816.

In at least three earlier decisions this court has granted, by writ of mandamus, reimbursement from the commission such as that sought by appellee. See *State, ex rel. Louisiana-Pacific Corp.,* v. *Indus. Comm.* (1978), 54 Ohio St. 2d 39, 8 O.O. 3d 35, 374 N.E. 2d 422; *State, ex rel. Hunt & Dorman Mfg. Co.,* v. *Indus. Comm.* (1923), 108 Ohio St. 139, 140 N.E. 621; *State, ex rel. Lange,* v. *Indus. Comm.* (1918), 98 Ohio St. 459, 121 N.E. 903. As we indicated in *Liberty Mutual I,* the only difference between those cases and the instant case is that those cases were decided before a remedy became available by way of an action in the Court of Claims. *Liberty Mutual I, supra,* at 292, 18 OBR at 342, 480 N.E. 2d at 816.

An action in unjust enrichment will

*Vorys, Sater, Seymour & Pease* and *Robert E. Tait,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, *Simon B. Karas, Sheryl Creed Maxfield* and *Jordan Finegold,* for appellant.

lie "* * * when a party retains money or benefits which in justice and equity belong to another." *Stan-Clean of Lexington, Inc.* v. *Stanley Steemer Internatl., Inc.* (1981), 2 Ohio App. 3d 129, 131, 2 OBR 143, 145, 440 N.E. 2d 1237, 1239; *Hummell* v. *Hummell* (1938), 133 Ohio St. 520, 528, 11 O.O. 221, 224, 14 N.E. 2d 923, 927. We believe the commission is unjustly enriched when an employer or its insurer pays benefits under the laws of another state where such benefits are later determined to be the responsibility of the commission.

The record clearly supports appellee's contention that Houston was not entitled to benefits under Mississippi law. Since, as the commission ultimately found, Houston was an Ohio resident, hired in Ohio, and only on a job assignment in Mississippi, his injuries were not covered by the workers' compensation laws of that state. See Mississippi Code Section 71-3-109(3).[1] The fact that appellee paid benefits to Houston in Mississippi and executed a "Memorandum of Agreement as to Payment of Compensation" is not controlling, as all parties, including the commission, understood from the beginning that Houston's employment status, and thus the law applicable to his workers' compensation claim, were unclear. We recognize that Mississippi law required appellee to provide interim benefits to Houston while the facts of the case developed, Mississippi Code Section 71-3-79, and that the strong public policy of that state demands that workers injured in Mississippi not be left without a remedy. *La Dew* v. *La Borde* (1953), 216 Miss. 598, 63 So. 2d 56. However, Houston was not without a remedy, as the commission found he was entitled to benefits in Ohio, and we reiterate that appellee "* * * should not be forced to pay a portion of * * * [the commission's] now acknowledged debt to Houston merely because it was unclear immediately following the injury who would be responsible for compensating Houston." *Liberty Mutual I, supra,* at 291, 18 OBR at 341, 480 N.E. 2d at 816.

Having determined that Houston was entitled to benefits in Ohio, the commission became obligated to make payments from the State Insurance Fund to Houston. R.C. 4123.46. The commission is also obligated to credit payments made under the law of another state by virtue of R.C. 4123.54, which provides in pertinent part: "If any employee or his dependents are awarded workers' compensation benefits or recover damages from the employer under the laws of another state, the amount so awarded or recovered, whether paid or to be paid in future installments, shall be

---

[1] Mississippi Code Section 71-3-109(3) provides:

"Any employee who has been hired or is regularly employed outside of this state and his employer shall be exempted from the provisions of this chapter while such employee is temporarily within this state doing work for his employer if such employer has furnished workmen's compensation insurance coverage under the workmen's compensation or similar laws for a state other than this state so as to cover such employee's employment while in this state, provided the extra-territorial provisions of this chapter are recognized in such other state and provided employers and employees who are covered in this state are likewise exempted from the application of the workmen's compensation or similar laws of such other state. The benefits under the workmen's compensation or similar laws of such other state shall be the exclusive remedy against such employer for any injury, whether resulting in death or not, received by such employee while working for such employer in this state."

credited on the amount of any award of compensation or benefits made to the employee or his dependents by the industrial commission." We simply cannot read these provisions as denying reimbursement to an employer or insurer who in good faith pays benefits in another state while the proper situs for workers' compensation coverage is being determined.

Finally, the Court of Claims erred in granting the commission's motion for summary judgment on the ground that the commission was without statutory authority to reimburse Liberty Mutual. While the commission is a creature of statute with powers and obligations dictated by the General Assembly, it is also an agency of the state subject to suit under the "same rules of law applicable to suits between private parties." R.C. 2743.02(A)(1). Our prior holdings in *Louisiana-Pacific, Hunt & Dorman,* and *Lange* clearly support a right to the relief sought by appellee.

Accordingly, we hold that Liberty Mutual has established a right to reimbursement from the commission, and thus the decision of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS and CONNORS, JJ., concur.

JOHN J. CONNORS, JR., J., of the Sixth Appellate District, sitting for H. BROWN, J.