JOURNAL ENTRY and OPINION
Appellants James E. Hern and Hern Oldsmobile GMC, Inc. appeal the trial court's decision granting appellee Mier-Baur's summary judgment on appellants' unjust enrichment claim to recover rent. Appellants assign the following error for our review:
 APPELLEE'S OPERATION AND OCCUPATION OF THE AUTOMOBILE DEALERSHIP IN QUESTION WITHOUT PAYING ANY RENT FOR A PERIOD OF TEN MONTHS CONSTITUTES UNJUST ENRICHMENT AT PLAINTIFFS' EXPENSE AND THEREFORE RESTITUTION IS REQUIRED AS A MATTER OF EQUITY.
Having reviewed the record and the legal arguments of the parties, we conclude that appellants' appeal lacks merit. Accordingly, we affirm the trial court's decision. The apposite facts follow.
Hern owned and operated Hern Oldsmobile GMC, Inc. (Hern-Ohio), an auto dealership located in Bedford, Ohio. In 1992, Hern entered into negotiations with Mier-Baur for the sale of Hern-Ohio. At the time Hern enter into negotiations with Mier-Baur for the sale of Hern-Ohio, Hern was in default on a loan agreement with General Motors Acceptance Corporation (GMAC).[1] Pursuant to the loan agreement, GMAC acquired a security interest in the assets of Hern-Ohio. In addition, in order to secure the loan, Hern assigned to GMAC his right to collect rent on the property.
In November 1992, the parties reached an agreement for the sale of the dealership assets. Mier-Baur agreed to purchase the assets of Hern-Ohio from Hern for a total price of $506,000, which included $100,000 for furniture, fixtures and equipment; $156,000 for parts and $250,000 for Hern's covenant not to compete, totaling $506,000. Hern gave the following warranty under the agreement:
 The Seller has good and marketable title to all the assets herein sold and on the closing date the same shall be free and clear of all mortgages, liens, pledges, security interests, restrictions, prior assignment, and encumbrances and claims of every kind.
Additionally, the agreement of the parties made the sale contingent on approval by General Motors Corporation (GMC) of the franchise transfer to Mier-Baur. The parties expected the deal to close by January 1993. The parties entered into an Operating Agreement to permit Mier-Baur to run the dealership pending GMC's approval. The Operating Agreement provided, among other things, that Mier-Baur pay no rent for the months of November and December 1992, and that Mier-Baur pay rent thereafter according to a separate lease agreement. However, the parties never executed the lease agreement.
GMC failed to approve the franchise transfer in January as contemplated by the parties. Further, GMAC gave notice of its intent to foreclose on the Hern-Ohio property pursuant to its loan agreement with Hern. Believing he would be required to turn any rent collected from Mier-Baur over to GMAC, Hern made no demand for rent from Mier-Baur from January forward. With regard to his refusal to demand rent from Mier-Baur, Hern stated I wasn't really interested in doing anything for GMAC, needless to say.
In August 1993, the parties entered into an Amended and Restated Sales Agreement (Amended Agreement). Under the Amended Agreement Mier-Baur agreed to purchase the assets of Hern-Ohio for a total price of $219,000, which amounted to $50,000 for furniture, fixtures and equipment and $129,000 for parts inventory payable to GMAC due to a first lien held by GMAC, and $40,000 payable to Hern for a covenant not to compete. The amended sales agreement also required GMC's approval to transfer the franchise in order to be effective.
GMAC succeeded in its claim and the court appointed a receiver for the Hern-Ohio property. The order appointing the receiver contained the following provisions:
 1. That the Receiver be, and he hereby is, authorized to demand and collect from the tenants in possession of said real property or any portion thereof, or from any persons liable thereafter, all rents now due and unpaid and all rents hereafter to become due.
 2. That, in being duly served with notice hereof, that tenants in possession of said real property be, and they hereby are, directed to pay to said receiver until the further order of this Court, all rents now due and unpaid and all rents hereafter to become due on their respective tenancies as established by the receiver.
Pursuant to the receivership order, Mier-Baur entered into a lease agreement with the receiver. GMAC became the owner of the Hern-Ohio property.
On May 13, 1997, Hern filed a three count complaint against Mier-Baur in the court of common pleas. In count one of his complaint Hern alleged an entitlement to unpaid rent for the period of January to August 1993 pursuant to provisions of the Operating Agreement. In count two Hern alleged Mier-Baur committed conversion in continuing to occupy the Hern-Ohio property. In count three of the complaint Hern alleged an entitlement to unpaid rent based on the theory of unjust enrichment. Hern voluntarily withdrew his claim for conversion and the case proceeded on the two remaining claims.
Both parties filed motions for summary judgment. Mier-Baur argued Hern was not entitled to rent because he waived his right to collect rent during the time period in question and was later precluded from collecting rent based on the receivership order. In his motion for summary judgment, Hern admitted he chose not to demand rent from Mier-Baur. However, Hern argued he never intended for Mier-Baur to occupy the property rent free. Hern argued Mier-Baur's occupation of the Hern-Ohio property without payment was unjust. Additionally, Hern raised an issue not pleaded in his complaint — an entitlement to compensation under the amended and restated sale agreement.
The trial court granted Mier-Baur's motion for summary judgment and overruled Hern's motion. In its well reasoned opinion the trial court found the following:
 As part of the foreclosure action * * *, the court ordered all rents, past due and present, to be paid to the receiver. Therefore, Mier-Baur was precluded from paying any rent to Hern. The receiver had the exclusive right to collect said rents. Hern has provided no evidence that the right to past and/or present rents were assigned to Hern. Hern argues that at a minimum, Mier-Baur owes him rent for the period of time prior to the appointment of the receiver. However the court's order was clear and unambiguous in stating the `the Receiver be, and he is hereby authorized to demand and collect from the tenants in possession of said real property or any portion thereof, or from any persons liable thereafter, all rents now due and unpaid and all rents hereafter to become due.' Therefore, Hern is not entitled to any rents, past due or present * * *.
Further, the trial court concluded under the circumstances it was not unjust for Mier-Baur to occupy the property without paying rent to Hern. The trial court reasoned that based on the receivership order, Hern was not in a position to legally recover past due rent payments [and] Mier-Baur was precluded by the same order from paying rent, past due or presently due, to anyone other than the receiver. Regarding Hern's claim to compensation under the amended sales agreement, the trial court concluded Hern's right to receive compensation under the sales agreement was contingent upon approval by General Motors Corporation of the franchise transfer to Mier-Baur. The trial court found that General Motors Corporation never approved the transfer of the franchise to Mier-Baur. Therefore, the trial court concluded Mier-Baur is under no legal obligation to perform. The trial court journalized its order granting Mier-Baur summary judgment on June 9, 1999. Hern appeals the trial court's order.
On appeal Hern chose not to pursue any error with regard to his claim for compensation under the sales agreement. Hern only challenges the portion of the trial court's decision denying his claim to recover rent under a theory of unjust enrichment.
Before addressing appellants' assignment of error, we set forth the standard of review. The trial court may grant summary judgment only when it determines pursuant to Civ.R. 56 that no genuine issues of material fact remain to be litigated, the moving party is entitled to judgment as a matter of law, and, viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, which is adverse to the nonmoving party. Holliman v. Allstate Ins. Co. (1999), 86 Ohio St.3d 414,715 N.E.2d 532; Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 364 N.E.2d 267, 273-274. This Court reviews the trial court's grant of summary judgment de novo. Dupler v.Mansfield Journal Co., Inc. (1980), 64 Ohio St.2d 116,413 N.E.2d 1187; Temple. De novo review means this Court uses the same standard that the trial court should have used, and we examine the evidence to determine if as a matter of law genuine issues exist for trial. Dupler De novo review requires that we review the trial court's decision independently and without deference to it.Northeast Ohio Apt. Assn. v. Cuyahoga Cty. Bd. of Commrs. (1997)121 Ohio App.3d 188, 699 N.E.2d 534; Weiper v. W.A. Hill Assoc.
(1995), 104 Ohio App.3d 250, 661 N.E.2d 796; Brown v. Scioto Cty.Bd. of Commrs. (1993), 87 Ohio App.3d 704, 622 N.E.2d 1153.
Appellants essentially argue the trial court erred as a matter of law in granting Mier-Baur summary judgment on their unjust enrichment claim. Appellants do not dispute the facts as found by the trial court. Further, appellants agree with the trial court's statement of the law with respect to unjust enrichment. Instead, appellants argue the trial court applied the appropriate facts and law under the correct legal standard, but reached the wrong conclusion. We disagree.
In order to succeed in an action for unjust enrichment, a party must demonstrate the following three elements: (1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment (`unjust enrichment'). Hambleton v. R.G. BarryCorp (1984), 12 Ohio St.3d 179, 183, 465 N.E.2d 1298, 1302; seeLiberty Mut. Ins. Co. v. Industrial Com'n of Ohio (1988),40 Ohio St.3d 109, 532 N.E.2d 124; Ed Stinn Chevrolet, Inc. v. NationalCity Bank (1986), 28 Ohio St.3d 221, 503 N.E.2d 524.
In the instant case, Hern satisfies the first two criteria. It could be argued that GMAC, not Hern, conferred the benefit on Mier-Baur of occupying the premise rent-free. However, we conclude Hern conferred a benefit on Mier-Baur by initially permitting them to occupy the Hern-Ohio property. Additionally, Mier-Baur knew they received the benefit of occupying the property. However, like the trial court, we conclude Hern fails to establish the third element of the Hambleton test. Prior to the appointment of a receiver Hern purposely made no demand for rent during the months in question with the intention of depriving his creditor, GMAC, of monies owed to it. Further, once the court handling the fore-closure action appointed a receiver for the property, Hern lost the right to collect any rent, current or past due, on the property pursuant to the receivership order. The same order precluded Mier-Baur from paying rent directly to Hern.
Appellants argue that upon reaching a settlement agreement with GMAC, appellants acquired the right to collect the unpaid rent. We conclude appellants' argument misrepresents the substance of the GMAC settlement. The settlement acknowledges GMAC did not collect rents from Mier-Baur. It also acknowledges Hern's right to pursue its alleged legal remedies against Mier-Baur. However, the settlement does not specifically give Hern the right to recover unpaid rent, nor could it in light of the receivership order. The receivership order, which was not vacated or modified in any way, provides the authority which this court must recognize. As stated above, the receivership order precluded Hern from collecting rent from Mier-Baur and Mier-Baur from paying rent to Hern. Under these circumstances, we conclude Mier-Baur did not act unjustly in not paying rent to Hern in connection with the Hern-Ohio property. Accordingly, we overrule appellants' assignment of error.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, A.J., and MICHAEL J. CORRIGAN, J., CONCUR.
 ____________________________ PATRICIA ANN BLACKMON, JUDGE
[1] As a result of the default, GMAC filed a replevin action seeking to recover the vehicles at Hern-Ohio which secured a portion of the amount due GMAC. The parties agreed GMAC could dispose of the vehicles based on its security interest, and GMAC voluntarily dismissed the action without prejudice.
GMAC disposed of the vehicles at public auction, however a deficiency remained. GMAC demanded payment from Hern to extinguish the deficiency. GMAC also demanded payment on Hern's remaining obligations to it. When Hern failed to pay the amounts due GMAC, GMAC started foreclosure proceedings on the real property known as Hern-Ohio.