DECISION
Relator, Thomas Barbee, has filed this original action in mandamus requesting this court to issue a writ of mandamus ordering respondent Bureau of Workers' Compensation ("bureau") to reimburse relator the sum of $285,000 that relator paid to the bureau pursuant to the bureau's subrogation claim under R.C. 4123.931, a statute subsequently declared unconstitutional and void by the Ohio Supreme Court in Holeton v. CrouseCartage Co. (2001), 92 Ohio St.3d 115. In the alternative, relator requests that this court issue a writ ordering respondents bureau and Industrial Commission of Ohio (hereinafter "respondents") to hear the merits of relator's motion for reimbursement which was filed on August 21, 2001.
Respondents filed a motion to dismiss for the failure of the first amended complaint to state a claim for which relief in mandamus can be granted, or, in the alternative, for summary judgment.
This court referred the matter to a magistrate, pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate concluded that relator had failed to state a claim for which relief in mandamus could be granted, and that this court should grant respondents' motion to dismiss.
Relator filed an objection to the decision of the magistrate essentially rearguing issues already adequately addressed in that decision. For the reasons stated therein, the objection is overruled.
Following independent review, pursuant to Civ.R. 53, we find that the magistrate has properly determined the pertinent facts and applied the salient law to them. Accordingly, relator's objection is overruled, and we adopt the decision of the magistrate as our own and grant respondents' motion to dismiss thereby rendering respondents' motion for summary judgment moot.
Objection overruled; motion to dismiss granted.
DESHLER and KLATT, JJ., concur.
 APPENDIX A IN MANDAMUS ON RESPONDENTS' MOTION TO DISMISS OR FOR SUMMARY JUDGMENT
In this original action, relator, Thomas Barbee, requests a writ of mandamus ordering respondent Ohio Bureau of Workers' Compensation ("bureau") to reimburse to relator the sum of $285,000 that relator paid to respondent pursuant to respondent's subrogation claim under R.C.4123.931, a statute subsequently declared void and unconstitutional by the Ohio Supreme Court in Holton v. Crouse Cartage Co. (2001),92 Ohio St.3d 115. In the alternative, relator requests that the writ order the bureau and respondent Industrial Commission of Ohio ("commission") to hear the merits of relator's motion for reimbursement filed with respondents on August 21, 2001.
Findings of Fact:
1. According to the first amended complaint, on or about January 30, 1998, relator sustained a catastrophic industrial injury. Thereafter, he filed with the bureau an industrial claim which is assigned claim number 98-31557 and is allowed for numerous severe conditions.
2. According to the first amended complaint, relator was awarded medical benefits and compensation in his industrial claim.
3. According to the first amended complaint, as then required by R.C.4123.931, relator provided notice to the bureau of his filing of a third party action in the Cuyahoga County Court of Common Pleas. The bureau asserted a subrogation right in the common pleas court action under R.C.4123.931.
4. According to the first amended complaint, on or about January 30, 2001, relator paid to the bureau the sum of $285,000 to satisfy a statutory lien imposed by R.C. 4123.931.
5. As indicated in the first amended complaint, R.C. 4123.931 was declared void and unconstitutional by the Ohio Supreme Court on August 6, 2001, in Holton, supra.
6. According to the first amended complaint, on or about August 21, 2001, relator filed a motion in claim number 98-31557 for reimbursement of the $285,000 paid to the bureau.
7. According to the first amended complaint, on or about August 22, 2001, the bureau notified relator by letter of "its refusal to process the motion" or to refer the motion to the commission for hearing.
8. According to the first amended complaint, on or about November 29, 2001, the commission issued an "ex parte" order stating that it lacked jurisdiction to consider the merits of the motion.
9. According to the first amended complaint, the bureau "abused its discretion" in refusing to reimburse relator the sum of $285,000.
10. According to the first amended complaint, the bureau also abused its discretion in refusing to process the motion.
11. According to the first amended complaint, the commission abused its discretion by refusing to consider the merits of the motion and by refusing to order the bureau to reimburse to relator the sum of $285,000.
12. On January 25, 2002, in this action, respondents moved to dismiss this action or, in the alternative, for summary judgment in their favor.
13. On February 15, 2002, relator filed his brief in opposition to respondents' motion to dismiss or, in the alternative, for summary judgment.
Conclusions of Law:
It is the magistrate's decision that this court grant respondents' motion to dismiss for the failure of the first amended complaint to state a claim for which relief in mandamus can be granted.
It is well-settled that in order for a writ of mandamus to issue, the relator must demonstrate: (1) that he has a clear legal right to the relief prayed for; (2) that respondents are under a clear legal duty to perform the acts requested; and (3) that relator has no plain and adequate remedy in the ordinary course of law. State ex rel. Berger v. McMonagle
(1983), 6 Ohio St.3d 28, 29.
In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. O'Brien v. University Community Tenants Union (1975),42 Ohio St.2d 242.
It is clear from a reading of relator's first amended complaint that the true object of this original action is to obtain equitable relief against the bureau for the return of the sum paid pursuant to a subrogation right that has subsequently been declared void on constitutional grounds by the Ohio Supreme Court. Accordingly, relator has an adequate remedy at law by way of an action to be filed in the Court of Claims.
The disposition of this action is controlled by two related decisions,State ex rel. Liberty Mut. Ins. Co. v. Indus. Comm. (1985),18 Ohio St.3d 290 ("Liberty Mut. I"), and Liberty Mut. Ins. Co. v.Indus. Comm. (1988), 40 Ohio St.3d 109 ("Liberty Mut. II").
Liberty Mutual I was a mandamus action originally filed in this court. John B. Houston, Jr. ("Houston"), an Ohio resident, was injured on January 12, 1979, while working in the state of Mississippi for Caldwell Tanks, Inc., a Kentucky corporation. Liberty Mutual Insurance Co. ("Liberty Mutual") was Caldwell Tanks' workers' compensation insurer in Mississippi. Liberty Mutual paid compensation and benefits to Houston under Mississippi law. Subsequently, Houston filed an industrial claim in Ohio which was ultimately allowed by the commission. Liberty Mutual sought reimbursement from the commission for the amount it had paid to Houston. The commission's denial of reimbursement prompted Liberty Mutual to file a mandamus action in this court. This court sustained the commission's motion to dismiss and Liberty Mutual appealed as of right to the Ohio Supreme Court. In Liberty Mut. I, the Ohio Supreme Court affirmed this court's dismissal of the action. The court found that there was an adequate remedy at law by way of an action for unjust enrichment in the Court of Claims. The court noted that no statute provides for the commission to reimburse Liberty Mutual in the manner called for in the case.
Liberty Mut. II involved an appeal from a judgment of the Court of Claims granting summary judgment to the commission. The underlying facts of Liberty Mut. II are the same as in Liberty Mut. I. In Liberty Mut.II, the Ohio Supreme Court affirmed the judgment of this court that reversed the judgment of the Court of Claims. The court in Liberty Mut.II held that Liberty Mutual had established a right to reimbursement from the commission under a theory of unjust enrichment. The court noted that an action for unjust enrichment will lie when a party retains money or benefits which in justice and equity belong to another.
Liberty Mut. I and II clearly show that the Court of Claims is the proper forum for the relief relator seeks in this action. Thus, relator has an adequate remedy at law that bars this mandamus action.
Relator's action sounds in quasi-contract. 18 Ohio Jurisprudence 3d, Contracts, Section 298, is instructive. That section states:
"Restitution, on the basis of unjust enrichment, is a common-law remedy designed to prevent one from retaining property to which he or she is not justly entitled. While the word `restitution' was used in the earlier common law to denote the return or restoration of a specific thing or condition, in modern legal usage its meaning has frequently been extended to include not only the restoration or giving back of something to its rightful owner but also compensation, reimbursement, indemnification, or reparation for benefits derived from or for loss or injury caused to another.
"The doctrine of unjust enrichment is that a person will not be allowed to profit or enrich himself or herself inequitably at another's expense and should be required to make restitution or for property or benefits received, retained, or appropriated, where it is just and equitable that such restitution be made and where such action involves no violation or frustration of law or opposition to public policy, either directly or indirectly. * * *" [Fns. omitted.]
67 Ohio Jurisprudence 3d, Mandamus, Section 6, is also instructive. That section states:
"* * * Basically, however, a mandamus proceeding is regarded as an action at law, as distinguished from an action or proceeding in equity. The right to the remedy rests upon the legal rights of the relator, on the one hand, and the legal obligations and duties of respondent, on the other, and this right cannot be predicated solely upon equitable rights and obligations existing between the parties." (Fns. omitted.)
Relator's first amended complaint fails to allege any statute that requires the bureau to reimburse relator under the factual circumstances alleged. The absence of a statute providing for the commission to reimburse the insurance company was noted by the court in Liberty Mut. I
as indicating a less than clear legal duty for the respondent in the mandamus action.
The first amended complaint in this action clearly shows that relator cannot establish that the bureau is under a clear legal duty to reimburse it. Relator's action sounds in quasi-contract and is equitable in nature. A mandamus action cannot be predicated solely upon equitable rights and obligations between the parties.
The magistrate finds that it appears beyond doubt from the first amended complaint that relator can prove no set of facts entitling him to a writ of mandamus. O'Brien, supra. Accordingly, the first amended complaint must be dismissed for its failure to state a claim upon which relief in mandamus can be granted. O'Brien.
Given that the first amended complaint fails to state a claim in mandamus, respondents' motion for summary judgment is moot. See Pondv. Carey Corp. (1986), 34 Ohio App.3d 109 (a motion for summary judgment, under Civ.R. 56, does not test the legal sufficiency of the pleadings but is a factual inquiry).
Accordingly, for all the above reasons, it is the magistrate's decision that this court grant respondents' motion to dismiss. It is further the magistrate's decision that this court find respondents' motion for summary judgment to be moot.