[Cite as *Great W. Cas. Co. v. Ohio Bur. of Workers' Comp.*, 2016-Ohio-2876.]

| | |
|---|---|
| GREAT WEST CASUALTY COMPANY | Case No. 2013-00205 |
| Plaintiff | Judge Patrick M. McGrath<br>Magistrate Holly True Shaver |
| v. | |
| OHIO BUREAU OF WORKERS'<br>COMPENSATION, et al. | <u>DECISION</u> |
| Defendants | |

{¶1} On April 23, 2015, the Tenth District Court of Appeals reversed and remanded this case, finding that this court had jurisdiction over plaintiff's complaint. After conferences with the court, the parties agreed to conduct additional discovery, and ultimately, a non-oral hearing on the previously filed cross-motions for summary judgment was set for December 7, 2015. On December 4, 2015, defendants, Ohio Bureau of Workers' Compensation (BWC) and the Industrial Commission of Ohio, filed a supplement to their original motion. The motions are now before the court for a non-oral hearing pursuant to L.C.C.R. 4(D).

{¶2} Civ.R. 56(C) states, in part, as follows:

{¶3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to

have the evidence or stipulation construed most strongly in the party's favor." *See also Gilbert v. Summit Cty.*, 104 Ohio St. 3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317 (1977).

{¶4} As stated in the decision of the Tenth District Court of Appeals, the relevant facts are as follows:

{¶5} "On March 31, 2011, Great West issued a workers' compensation and employer's liability insurance policy to Roeder Cartage Company, Inc. ("Roeder"), a trucking and delivery company. The Great West policy insured Roeder for workers' compensation claims filed in Alabama.

{¶6} "On June 22, 2011, James McElroy, a truck driver employed by Roeder, fell from his truck and injured himself. McElroy's accident occurred in Alabama, but McElroy is an Ohio resident. McElroy elected to apply for workers' compensation benefits in Ohio, rather than Alabama. On June 24, 2011, McElroy submitted a completed first-report-of injury form to the BWC. The BWC allowed claims for lumbosacral sprain/strain and sprain of the lumbar region, and it granted payment of temporary total disability compensation and benefits.

{¶7} "Roeder appealed the allowance of McElroy's claims, arguing that McElroy was not eligible for Ohio workers' compensation benefits because his injury had occurred in Alabama. In response, the BWC vacated its prior orders and halted payment on McElroy's claims pending an investigation of the interstate jurisdictional issue.[1]

{¶8} "About the same time Roeder appealed the BWC's allowance of McElroy's claims, Roeder reported McElroy's injury to Great West pursuant to the terms of its insurance policy. Upon review of the situation, Great West learned that McElroy had

---

[1]The order from BWC states: "This order replaces the BWC order dated 07-18-2011, which has been vacated for the following reason: TT [temporary total disability] is not being addressed yet until Interstate Jurisdiction is fully investigated." (Defendant's Exhibit A-4.)

not yet received any workers' compensation benefits, even though his accident had occurred a month prior.  Great West began paying benefits to McElroy.

{¶9} "On January 24, 2012, the Commission issued an order finding that McElroy was entitled to Ohio workers' compensation benefits.  The Commission ordered the BWC to pay McElroy temporary total disability compensation and benefits, and required those payments to be offset against the payments received by McElroy from Great West.

{¶10} "Upon receiving notification that Ohio would pay McElroy workers' compensation benefits, Great West discontinued its payments.  Great West then sent the BWC a written demand for reimbursement of the $22,758.80 that it had paid McElroy.  The BWC did not respond to the demand."  *Great West Cas. Co. v. Ohio Bureau of Workers' Comp.*, 10th Dist. Franklin No.  14AP-524, 2015-Ohio-1555, ¶ 2-7.

{¶11} In its complaint, Great West (plaintiff) asserts claims for unjust enrichment, "quasi-contract," indemnity, and "statutory credit/reimbursement" based upon the fact that even though the Industrial Commission ordered BWC to make payments to McElroy from his initial date of injury, BWC retained the benefit of Great West's payments to McElroy by taking an offset in the amount of $22,758.80 and refusing to reimburse Great West.  Plaintiff asserts that it would be unjust for BWC to retain the benefit conferred on it from plaintiff's payments to McElroy while interstate jurisdiction was being decided.  In support of its motion, plaintiff cites the decisions of the Supreme Court of Ohio in *State ex rel. Liberty Mutual Ins. Co., v. Industrial Com. of Ohio*, 18 Ohio St.3d 290 (1985) "Liberty Mutual I"; and *Liberty Mutual Ins. Co. v. Industrial Com. of Ohio*, 40 Ohio St.3d 109 (1988) "Liberty Mutual II".

{¶12} Defendants assert that *Liberty Mutual I* and *II* are not dispositive of this case, and argue that they are entitled to summary judgment, based upon a more recent decision by this court in *Lumberman's Underwriting Alliance v. Indus. Commn.*, Ct. of Cl. No. 2006-01408, 2007-Ohio-4154.  Defendants assert that Alabama allows an injured

worker to file a claim in another state without waiving his rights under the Alabama Workers' Compensation laws. In addition, defendants argue that the equities do not lie with plaintiff, because Roeder created a jurisdictional question and caused the delay in payment when it took an appeal from the BWC order that had initially allowed McElroy's claims. Defendants also assert that BWC must make an offset of any collateral payment by insurance pursuant to R.C. 4123.54.

{¶13} In response, plaintiff argues that *Lumberman's* does not apply to the facts of this case. Plaintiff argues that this case is similar to *Liberty Mutual I* and *II*, where payments were made to an injured worker pursuant to an insurance policy in another state on an interim basis until such time as it was determined that BWC was responsible for the claim. Plaintiff argues that the equities lie in its favor because BWC would have been required to pay the full amount of benefits to McElroy from the beginning of his claim if defendants had timely determined jurisdiction. Plaintiff further argues that it paid McElroy benefits in good faith until it was definitively determined who was responsible for McElroy's claims. Plaintiff filed the affidavit of Joseph A. Rayzor, III, a subrogation attorney for plaintiff, who avers, in relevant part:

{¶14} "10.    On or about July 18, 2011, because the proper situs and jurisdiction for Workers' Compensation coverage was in dispute, Roeder Cartage Company, Inc. reported Mr. McElroy's injury and potential claim to Plaintiff under the policy referenced in ¶ 5 above."

{¶15} "11.    On July 21, 2011, the Ohio Bureau of Workers' Compensation issued a fourth Order vacating the prior Orders and allowing this claim for sprain of the lumbosacral and lumbar regions and not addressing Temporary Total Disability benefits 'until interstate jurisdiction is fully investigated.'

{¶16} "12.    On July 21, 2011, the Employer, Roeder Cartage Company, Inc. filed a timely appeal to the original claim allowance.

{¶17} "13.   On or about July 21, 2011, Plaintiff began review/assessment of Mr. McElroy's claim, and in so doing, on or about July 22, 2011 determined that Mr. McElroy had received no benefits, medical payments or indemnity, even though the accident/injuries had occurred thirty (30) days previously.  *As a result, even though jurisdiction was not clear, and because Claimant's request for Ohio BWC coverage was on appeal, Plaintiff, in good faith, began paying benefits to Mr. McElroy.*"

(Emphasis added.)  (Rayzor Affidavit, paragraphs 10-13.)

{¶18} Unjust enrichment occurs "when a party retains money or benefits that in justice and equity belong to another."  *Liberty Mutual II, supra*, at 111.  To prove a claim for unjust enrichment, a party must establish that it conferred a benefit upon another, the other party knew of the benefit, and the other party's retention of the benefit would be unjust without payment.  *Hambleton v. R.G. Barry Corp.*, 12 Ohio St.3d 179, 183 (1984).  It is undisputed that Great West conferred a benefit upon BWC, and that BWC knew about the benefit.  The dispositive issue is whether it would be unjust to permit BWC to retain the benefit of Great West's payments to McElroy without payment.

{¶19} In *Liberty Mutual I*, an insurance company in Mississippi paid benefits to an Ohio worker who was injured on the job in Mississippi.  Once the BWC determined that the injured worker's claim was proper in Ohio, the Mississippi insurance company sought a writ of mandamus to order the Industrial Commission to reimburse it for the moneys that it had paid to the injured worker.  The Supreme Court of Ohio held that a writ was not the proper mechanism to seek payment, but, rather, that the insurance company could pursue an action in this court for unjust enrichment.

{¶20} Once the case was before this court, summary judgment was granted in favor of the state on the basis that there was no statutory authority for reimbursement. On appeal, the Tenth District Court of Appeals analyzed the language in R.C. 4123.54, which states that the Industrial Commission must deduct from an Ohio award any financial benefit paid to the injured worker under the law of another state.  The Tenth

District noted that "R.C. 4123.54 has no application and makes no provision as to who shall bear the ultimate responsibility for payment. * * * The issue in this case is who should bear the cost of such payment, plaintiff or the Ohio fund. The Supreme Court in *Lange*, *Louisiana Pacific Corp*, and *Liberty Mutual I*, determined that the person who made the actual payment has a right to reimbursement from the state fund where the payment was the obligation of the state fund, rather than that of the person who made the payment." (Internal citations omitted.) *Liberty Mut. Ins. Co. v. Industrial Comm'n of Ohio*, 10th Dist. Franklin No. 86AP-656, 1987 Ohio App. LEXIS 8771, 7-8.

{¶21} An appeal was taken from the Tenth District's decision, and in *Liberty Mutual II*, the Supreme Court of Ohio stated: "We believe the [industrial] commission is unjustly enriched when an employer or its insurer pays benefits under the laws of another state where such benefits are later determined to be the responsibility of the commission." *Liberty Mutual II,* at 111. The court further stated that even though Mississippi law required appellee to provide interim benefits to the injured worker while the facts of the case developed, "appellee should not be forced to pay a portion of the commission's now acknowledged debt to [the injured worker] merely because it was unclear immediately following the injury who would be responsible for compensating [the injured worker.]" *Id.* Although the Supreme Court acknowledged that pursuant to R.C. 4123.54, the Industrial Commission is obligated to credit payments made under the law of another state, the Supreme Court further stated: "We simply cannot read these provisions as denying reimbursement to an employer or insurer who in good faith pays benefits in another state while the proper situs for workers' compensation coverage is being determined." *Id.* at 112.

{¶22} In contrast, defendants argue that plaintiff is not owed any compensation for the benefits that it paid to McElroy, because Alabama allows for an injured worker to file

claims in multiple states, and because of the setoff rule in R.C. 4123.54.[2]  Essentially, defendants assert that plaintiff created the jurisdictional issue itself when it challenged the decision of the Industrial Commission that had initially granted McElroy's claim, and that the equities do not lie in plaintiff's favor.

{¶23} In *Lumberman's*, *supra*, plaintiff was the Tennessee workers' compensation insurer for a trucking company.  The injured worker was a truck driver who was hired in Tennessee but injured in Ohio.  The injured worker applied for Ohio workers' compensation but was denied benefits.  The injured worker then filed her claim in Tennessee, and her claim was allowed.  Lumberman's paid the injured worker benefits pursuant to its contract with the trucking company.

{¶24} The injured worker then filed a notice of appeal from the denial of her Ohio claim.  Lumberman's argued that Tennessee had sole jurisdiction of the injured worker's claim for benefits, however a district hearing officer found that the injured worker's Ohio claim was proper.  After that determination was made, Lumberman's filed a claim in the Court of Claims seeking reimbursement from BWC and the Industrial Commission for unjust enrichment.  The Court of Claims held that since the injured worker was entitled to benefits in both Tennessee and Ohio, and had elected to receive benefits in both states, Lumberman's claim of unjust enrichment failed because: "both avenues of relief are appropriate and equity requires only that the second state prevent double recovery by crediting the benefits received in the first state against those awarded in the second." *Lumberman's*, *supra*, quoting *Aetna Casualty & Surety Company v. Minnesota Assigned Risk Plan*, (July 16, 1996), Minn. Ct. App. No. C7-96-446, 1996 Minn. App. LEXIS 834; Restatement of Conflict of Laws Section 182 & cmt. b (recognizing that

---

[2]ALA Code Section 25-5-35(e) states:  "The payment or award of benefits under the workers' compensation law of another state * * * to an employee or his dependents otherwise entitled on account of such injury or death to the benefits of this article and Article 3 of this chapter shall not be a bar to a claim for benefits under this article and Article 3 of this chapter; provided that claim under this article is filed within the time limits set forth in Section 25-5-80."

compensation may be allowed under the laws of two states, but providing for an offset in the event of recovery under both.)

{¶25} Based upon the evidence allowed under Civ.R. 56, the court finds that there is no genuine issue as to any material fact. The initial order from the BWC was vacated until such time that interstate jurisdiction was fully investigated. The affidavit from Rayzor shows that because there was a jurisdictional issue, Roeder reported McElroy's potential claim to Great West, who began payment in good faith to McElroy until jurisdiction was decided. McElroy did not elect to file a claim in Alabama. Once the Commission determined that jurisdiction in Ohio was proper, Great West was no longer obligated to pay for McElroy's claims. Therefore, the court finds that the facts in this case are more similar to *Liberty Mutual I* and *II* than *Lumberman's*. The only reasonable conclusion in this case is that Great West in good faith paid benefits to McElroy while the proper situs for workers' compensation coverage was being determined, and that Great West should not be forced to pay a portion of the commission's now acknowledged debt to McElroy merely because it was unclear immediately following the injury who would be responsible for compensating him. Therefore, plaintiff is entitled to judgment as a matter of law on its claim of unjust enrichment in the amount of $22,758.80.

{¶26} Accordingly, plaintiff's motion for summary judgment shall be granted, and defendant's motion for summary judgment shall be denied.

{¶27} Although plaintiff seeks interest and attorney fees, a claim of unjust enrichment does not support an award of prejudgment interest under R.C. 1343.03(A). *Cantwell Mach. Co. v. Chi. Mach. Co.*, 184 Ohio App. 3d 287, 2009-Ohio-4548, ¶ 38 (10th Dist.).

{¶28} Moreover, in the absence of statutory authority, attorney fees cannot be

awarded. *Mechanical Contrs. Assn. of Cincinnati, Inc. v. Univ. of Cincinnati*, 152 Ohio App. 3d 466, 2003-Ohio-1837, ¶ 34 (10th Dist.). Counsel for plaintiff cites no statutory authorization for an award of attorney fees, and the request for the same is DENIED.

_____
PATRICK M. MCGRATH
Judge

[Cite as *Great W. Cas. Co. v. Ohio Bur. of Workers' Comp.*, 2016-Ohio-2876.]

| | |
|---|---|
| GREAT WEST CASUALTY COMPANY | Case No. 2013-00205 |
| Plaintiff | Judge Patrick M. McGrath<br>Magistrate Holly True Shaver |
| v. | |
| OHIO BUREAU OF WORKERS'<br>COMPENSATION, et al. | <u>JUDGMENT ENTRY</u> |
| Defendants | |

{¶29} A non-oral hearing was conducted in this case upon the parties' motions for summary judgment. For the reasons set forth in the decision filed concurrently herewith, plaintiff's motion for summary judgment is GRANTED, and defendants' motion for summary judgment is DENIED. Judgment is rendered in favor of plaintiff in the amount of $22,758.80. All previously scheduled events are VACATED. Court costs are assessed against defendants. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

 

_____
PATRICK M. MCGRATH
Judge

cc:

John C. Albert
500 South Front Street, Suite 1200
Columbus, Ohio 43215

Lindsey M. Grant
Peter E. DeMarco
Assistant Attorneys General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Ohio Attorney General
Assistant Attorney General
Court of Claims Defense Section
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

**Filed March 21, 2016**
**Sent To S.C. Reporter 5/9/16**