STAN-CLEAN OF LEXINGTON, INC., APPELLANT AND CROSS-APPELLEE, *v.* STANLEY STEEMER INTERNATIONAL, INC., ET AL., APPELLEES AND CROSS-APPELLANTS.

(No. 81AP-214—Decided July 14, 1981.)

*Mr. Robert J. DeLambo,* for Stan-Clean of Lexington, Inc.

*Messrs. Teaford, Rich & Dorsey, Mr. Hamilton J. Teaford* and *Mr. Jeffrey A. Rich,* for Stanley Steemer International, Inc., *et al.*

McCORMAC, J. In May 1977, plaintiff-appellant, Stan-Clean of Lexington, Inc. (Stan-Clean), purchased a carpet cleaning franchise in Lexington, Kentucky from defendant-appellee Stanley Steemer International, Inc. (Stanley Steemer), for $25,000. Fifteen thousand dollars was paid down and the remaining $10,000 was to be paid within ninety days. Stan-Clean commenced operating the franchise but breached the franchise agreement in several respects, including failing to pay the remaining $10,000 for the franchise. In January 1978, Stanley Steemer terminated the franchise, and, ultimately, took back the franchise on April 1, 1978. Various claims and counterclaims were asserted in the action filed in the Court of Common Pleas of Franklin County. The only item in issue in this appeal, however, is the franchise fee. The trial court did not require Stanley Steemer to return the $15,000 paid by Stan-Clean for the franchise and did not require Stan-Clean to pay Stanley Steemer the $10,000 which was due ninety days after the effective date of the agreement. Both parties have appealed. Stan-Clean has asserted the following assignment of error:

"The Court of Common Pleas erred in finding against plaintiff-appellant on count two of its complaint, in that it failed to properly apply the common law of Ohio with respect to the law of contracts and unjust enrichment.

"A. Under the common law of Ohio, a party rescinding a contract may not keep the benefits he has received; rather he must endeavor to return both sides to the status quo ante.

"B. Plaintiff-appellant presented evidence sufficient to sustain a verdict on count two of its complaint for unjust enrichment."

Stanley Steemer has asserted the following assignments of error:

"I. The Court of Common Pleas erred in finding against defendant-appellee on Count I of its counterclaim in that it failed to properly apply the common law of Ohio with respect to the law of contracts as applicable to the undisputed facts of this case.

"II. The Court of Common Pleas, as trier of fact, erred in finding against defendant-appellee on Count I of its counterclaim in that its decision was

against the manifest weight of the undisputed evidence."

The assignments of error are combined for discussion. as they are interrelated.

There is no doubt that Stan-Clean breached the franchise agreement and that Stanley Steemer was entitled to terminate the franchise. The sole issue is whether Stanley Steemer is required to return the $15,000 paid by Stan-Clean for the franchise upon return of the franchise to Stanley Steemer, or whether Stanley Steemer is entitled to "repossess" the franchise and *also* recover the $10,000 which Stan-Clean had failed to pay in purchasing the franchise.

When there is a breach of contract and repossession of an item of property, the one repossessing the property must give credit to the purchaser for the value of the property repossessed. The seller cannot have the benefit of the contract and the property as well. That would constitute double recovery and unjust enrichment. This principle is valid whether the repossession involves tangible personal property, such as an automobile, or intangible personal property, such as the exclusive franchise agreement in this case.

Applying this principle to the case at hand, Stanley Steemer, the seller of the franchise, is entitled to recovery of the franchise because of Stan-Clean's breach of the franchise agreement and is entitled to the benefits of the franchise contract, including the purchase price of $25,000; but, since Stanley Steemer has the franchise, it must give credit to Stan-Clean for the value of the property which it has repossessed.

Stan-Clean sued to recover its down payment of $15,000, contending that the exclusive franchise, which was repossessed by Stanley Steemer, had a value of $25,000, the purchase price, and that, since Stanley Steemer now had the $25,000 franchise to either operate itself or to sell to another person, Stanley Steemer could not keep Stan-Clean's $15,000. However, Stan-Clean had the burden of proof of showing the value of the franchise at the time it was returned to Stanley Steemer in April 1978, to offset against Stanley Steemer's damages for Stan-Clean's breach of contract. Stan-Clean presented evidence tending to indicate that the franchise sold them was worth substantially less than $25,000 at the time of the initial sale and, inferentially, at the time of the recovery of the franchise. This evidence was produced in a futile effort by Stan-Clean to prove fraud or other improper conduct by Stanley Steemer in the initial sale of the franchise. The evidence consisted of testimony that Stanley Steemer had sold other franchises for substantially less than $25,000. There was testimony that a franchise for Allen County, Fort Wayne, Indiana, was sold for $12,500; that a franchise for Duval County, Jacksonville, Florida, was sold for $5,800; that a franchise for Athens, Ohio, was sold for $3,245; and that a franchise for Broward County, Fort Lauderdale, Florida, was sold for $5,000. There were apparently some differences in the conditions of the various franchise agreements as to percent of royalty and payment of advertising costs. There was no direct evidence of the value of Stan-Clean's franchise when it was returned to Stanley Steemer in April 1978.

The trial court was justified in finding that Stan-Clean had failed to prove that the value of the franchise recovered by Stanley Steemer in April 1978 was more than the $10,000 still due by virtue of the legally enforceable franchise sale agreement.

Stanley Steemer counterclaimed for recovery of the $10,000 which was not paid, as agreed in the franchise sale. Since Stanley Steemer had recovered the franchise, it had the burden of proving that the franchise was worth less than the $10,000 still due in order to be entitled to any additional payment. However,

Stanley Steemer did not offer any proof that the exclusive franchise, which they recovered in April 1978, was worth less than $10,000. Therefore, Stanley Steemer also did not maintain its burden of proof and the trial court was justified in denying recovery of the $10,000.

Since Stan-Clean failed to prove that the value of the franchise in April 1978 was more than the $10,000 still due, and since Stanley Steemer failed to prove that the value of the franchise returned to it was less than $10,000, the trial court was justified in finding against both parties in regard to the franchise fee dispute and denying relief to both parties. Neither judgment is against the manifest weight of the evidence.

There was no unjust enrichment. Unjust enrichment occurs when a party retains money or benefits which in justice and equity belong to another. *Hummel* v. *Hummel* (1938), 133 Ohio St. 520 [11 O.O. 221]. Stan-Clean failed to prove that Stanley Steemer recovered benefits in excess of those to which it was entitled by virtue of Stan-Clean's breach of the franchise agreement. There was no recission, which would entitle Stan-Clean to be placed in the same position that it would have been in had no contract ever been made. Yet, Stanley Steemer was entitled to the benefit of its contract. Thus, Stanley Steemer recovered a franchise worth $10,000 or less on April 1, 1978, and there was no unjust enrichment.

All assignments of error are overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

WHITESIDE and REILLY, JJ., concur.