SIGRIST, Appellee,

v.

LYONS, Appellant.

[Cite as *Sigrist v. Lyons* (1995), 100 Ohio App.3d 252.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 94APG07–1003.

Decided Jan. 10, 1995.

*Brandt & Hull* and *Michael T. Brandt,* for appellee.

*J. Douglas Stewart,* for appellant.

TYACK, Judge.

On June 10, 1993, Anne M. Sigrist filed a lawsuit against her former fiance, Harry Scott Lyons. She alleged that Lyons had been unjustly enriched as a result of his obtaining $4,920 from her while the parties were engaged. She further alleged that she had provided the funds to Lyons to help him purchase a house that was intended to be their marital residence. After the purchase of the real estate in the name of Lyons alone and the termination of the engagement, Sigrist wanted her money back.

The case was tried to a judge of the Franklin County Municipal Court who granted a judgment for Sigrist. Lyons has now appealed to this court, assigning three errors for our consideration:

"1. The trial court prejudiciously [*sic*] erred by failing to determine that the funds given to appellant were a gift.

"2. The trial court erred to the prejudice of the appellant by failing to determine that the transaction between the parties was illegal and unenforceable.

"3. The trial court erred to the prejudice of the appellant by refusing to hear evidence on the reasons for the breakup of the litigants' engagement."

In the first assignment of error, Lyons alleges that the money provided to him should be considered a gift. The record contains two affidavits signed by Sigrist in which she indicated that funds totalling $4,545 were gifts. The record also contains a check from Sigrist to Lyons which is marked "gift."

An action in unjust enrichment lies when one party retains money which in justice and equity belongs to another. *Liberty Mut. Ins. Co. v. Indus. Comm.* (1988), 40 Ohio St.3d 109, 110–111, 532 N.E.2d 124, 124–126, citing *Stan–Clean of Lexington, Inc. v. Stanley Steemer Internatl., Inc.* (1981), 2 Ohio App.3d 129, 131, 2 OBR 143, 145, 440 N.E.2d 1237, 1239–1240, and *Hummel v. Hummel* (1938), 133 Ohio St. 520, 528, 11 O.O. 221, 224–225, 14 N.E.2d 923, 926–927. In *Wilson v. Dabo* (1983), 10 Ohio App.3d 169, 10 OBR 223, 461 N.E.2d 8, the plaintiff claimed she was entitled to money given to her fiance in reliance on a promise to marry. This court stated that the money transferred was a "conditional" gift given with the mutual understanding that the parties would be married, and when that condition was not fulfilled, the money had to be returned based on the theory of unjust enrichment. *Id.* at 170, 10 OBR at 223–224, 461 N.E.2d at 9–10.

At trial, Sigrist testified that the money was not literally intended to be a gift, but was provided so Lyons would qualify for FHA financing on the house where the parties were to live. Since Sigrist expected to be married to Lyons, she expected to have the benefit of the use of the house. She explained the affidavits as being necessary for the FHA loan to be approved.

Here, the testimony was such that the trial court could reasonably find that the transfer of funds was based on an understanding that at the time of the transfer, the parties intended to marry. Because the parties did not marry, the reasons for which are immaterial, Sigrist was entitled to have her money returned. Therefore, the first assignment of error is overruled.

In the second assignment of error, Lyons argues that the transfer of funds was part of an illegal transaction, so that a court should not force return of the funds. At the time of the closing of the real estate, both parties expected that they would be married and that the residence would be their eventual joint residence. Under the circumstances, the parties were not executing documents, including affidavits, which were known to be false. The transaction was not illegal. Instead, the underlying assumption of both parties turned out to be incorrect. The trial court was correct to find that the arrangement between the

parties was not such as to bar return of the funds on a theory that the transaction was illegal.

The second assignment of error is overruled.

As to the third assignment of error, the reasons for the end of the engagement had nothing to do with the real estate transaction and nothing to do with the money which passed hands between the parties. The trial court was well within its discretion to refuse to consider evidence as to the reasons for the end of the personal relationship between Sigrist and Lyons.

The third assignment of error is overruled.

All three assignments of error having been overruled, the judgment of the trial court is affirmed.

*Judgment affirmed.*

JOHN C. YOUNG and PEGGY BRYANT, JJ., concur.