OPINION
Defendant Ricky D. Flynn appeals a judgment of the Court of Common Pleas of Tuscarawas County, Ohio, which awarded plaintiff Tonya L. Knotts a judgment of $16,600.00 representing the amount which the court found defendant had been unjustly enriched by virtue of a relationship between the parties. Appellant assigns three errors to the trial court:
ASSIGNMENTS OF ERROR
 I. THE TRIAL COURT ERRED, AS A MATTER OF LAW, WHEN IT ORDERED THAT THE APPELLEE IS ENTITLED TO ONE-HALF (1/2) OF THE NET PROFIT REALIZED BY THE APPELLANT ON THE SALE OF THE APPELLANT'S HOME UNDER AN "UNJUST ENRICHMENT" THEORY.
 II. THE TRIAL COURT'S DECISION ALLOWING THE APPELLEE TO RETAIN A DIAMOND RING IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHEN THE EVIDENCE INDICATES THAT THE APPELLEE BELIEVED THAT THE RING WAS GIVEN TO HER AS A GIFT IN CONTEMPLATION OF MARRIAGE.
 III. THE TRIAL COURT'S DECISION ALLOWING THE APPELLEE TO RETAIN A $7,200.00 DOWN PAYMENT ON A CAR IS AGAINST THE MANIFEST WIGHT [SIC] OF THE EVIDENCE WHEN THE EVIDENCE INDICATES THAT THE CREDIT GIVEN TO THE APPELLEE AS A GIFT IN CONTEMPLATION OF MARRIAGE.
The record indicates appellant and appellee purchased property in Dover, Tuscarawas County, Ohio, in 1994, intending to use the property as a marital residence. The trial court specifically found the parties purchased the residence in contemplation of their marriage. Appellee sold her own residence and moved into the newly purchased property. The appellant never occupied the property, nor were appellant and appellee ever married. Subsequent to the purchase, both appellant and appellee, their families, and their friends invested labor and money to upgrade and improve the residence. Appellee made mortgage payments during the time she resided in the property, amounting to some $4,000.00. She also paid real estate taxes and utility bills. Eventually, in July of 1995, appellant's sister purchased the property for $150,000, permitting appellant to realize a net profit of $33,200.00 after costs and expenses.
For Christmas, 1993, appellant gave appellee a diamond ring valued at $4,200.00. The record indicates appellee considered the ring an engagement ring, although at the time appellant represented to other persons that it was not an engagement ring, and never proposed marriage when he gave the ring to appellee. In March of 1994, appellee leased a car from Harry Humphrey's Auto City, Inc. with appellant co-signing the lease. Appellant traded in his 1993 Honda and applied the value as a down payment on the lease agreement, reducing the contract by $7,200.00.
After appellant sold the residence, appellee brought suit against him arguing he had breached an oral agreement to share in the proceeds of the sale of the real estate. The trial court granted summary judgment on behalf of appellant, finding R.C. 1335.05, the Statute of Frauds, barred appellee from recovery. However, the trial court granted appellee leave to file an amended complaint alleging unjust enrichment. Thereafter, the trial court found appellee was entitled to one-half of the net profit and realized by the appellant in the sale of the residence, and also found she was entitled to retain the diamond ring. The court also ruled appellee did not have to reimburse appellant for any monies contributed by him to the value of the lease agreement for the vehicle.
 I
The trial court found pursuant to Ohio Law that appellee is entitled to one-half of the net profit realized by the appellant in the sale of the property. The trial court found this to be $16,600.00. Appellant argues appellee testified she contributed $13,582.28 in furniture and improvements to the home, in contemplation of the marriage. She also testified after the parties separated she retained approximately one-half of the value of the items she provided to the appellant's home. Appellant argues appellee did not provide any of the down payment on the home although she did make mortgage payments during the time she lived there, as well as payments for the utilities she used. Appellee asserts the record does not demonstrate she is entitled to one-half of the net profits realized in the sale of the residence, although appellant concedes appellee is entitled to be compensated for the property and services which she provided to the residence.
An action in unjust enrichment lies when one party retains money or things of value which in justice and equity belong to another, see Liberty Mutual Insurance v. The Industrial Commissionof Ohio (1988), 40 Ohio St.3d 109. In Sigrist v. Lyons (1995),100 Ohio App.3d 252, the Court of Appeals for Franklin County found where a gift is given with a mutual understanding that the parties would be married and the gift would benefit the marriage, then if the parties do not marry, unjust enrichment requires the gift be returned, Sigrist at 254, citations deleted.
We find the trial court erred in simply splitting the net profit realized by the sale of the house. In so doing, the court accomplished what the Statute of Frauds had barred in the previous action. Instead, the trial court should have computed the value of contributions appellee had made to the home in contemplation of the marriage, and should have applied the Doctrine of Unjust Enrichment to order restitution of those contributions.
The first assignment of error is sustained.
 II and III
Next, appellant argues the gift of the diamond ring and the down payment on the car lease were made in contemplation of the marriage, and the court should have ordered appellee to return the ring and to reimburse appellant for the down payment on the car lease.
The trial court found as a matter of fact the diamond ring appellant gave appellee was not an engagement ring, and that in fact appellant had denied that the ring constituted an engagement ring. The trial court concluded the ring was not a gift given in contemplation of marriage, but was rather an unconditional gift from appellant to appellee, and constituted her sole property. The trial court also found appellant had failed to prove by a preponderance of the evidence he was entitled to any monies arising out of the car lease. The record indicates there was evidence, which if believed by the trial court, would tend to show the transaction was at the instigation of appellant, and constituted an unconditional and completed gift to appellee.
We have reviewed the record, and we find there is sufficient competent and credible evidence going to each essential element of the case to support the judgment, see C. E. Morris Company v.Foley Construction Company (1978), 54 Ohio St. 279.
The second and third assignments of error are overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is affirmed in part and reversed in part, and the matter is remanded to that court for further proceedings in accord with law and consistent with this opinion.
By Gwin, P.J., Hoffman, J., and Farmer, J., concur.
 JUDGMENT ENTRY
CASE NO. 97AP060036
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is affirmed in part and reversed in part, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.