OPINION
Plaintiffs-appellants, Frank and Genevieve York, appeal from decisions of the Warren County Court of Common Pleas dismissing their unjust enrichment claim after a bench trial and overruling their motion for a new trial against defendants-appellees, Janet Howard and Sandy Murphy. We affirm the decisions of the trial court.
Appellants are the elderly parents of Howard who co-owns a home with Murphy, a nonrelative. Appellees reside at 2566 South State Route 123, Lebanon, Ohio with Murphy's daughter, two-year-old granddaughter and boxer dog.
At some time in late 1994 or early 1995, appellants decided to sell their house out of fear that it would be the subject of a foreclosure. In looking for a place to live, appellants mentioned to Howard that they could live at her home. Thereafter, appellees agreed to construct an addition onto their home that would serve as appellants' living quarters.
On April 20, 1995, the parties signed an agreement drafted by appellants' attorney. Under the terms of the agreement, appellees constructed an addition to their home and gave appellants the right to occupy the premises for the rest of their lives without being responsible for real estate taxes, insurance or maintenance expenses. Appellees also agreed not to sell the property without appellants' consent which was contingent upon appellees providing comparable living arrangements.[1] As consideration for appellees' promises, appellants "gifted" Howard $41,000 to cover the costs of construction.[2]
Appellees set aside an area for appellants that included a separate kitchen and an additional room creating an apartment-like living quarters. In addition, appellees provided Mr. York with a work area in an outbuilding. In July 1995, appellants moved into their new living quarters.
Over the next four months, several disagreements arose between the parties involving unilateral decisions made by appellees concerning the operation of the household and appellants' perceived invasion of their privacy. Subsequently, appellants became unhappy with their living arrangements and decided to purchase a mobile home. In November 1995, appellants moved into a trailer park without discussing the matter with appellees. Mrs. York's reasons for leaving included the following: appellees let Howard's boxer dog in the house because it kept scratching the door; she found children jumping on her bed; she found someone else's keys and jewelry under her bed; she was unable to plant flowers in the yard because of Howard's dog; and she objected to appellees constructing a fence. At no time did appellees revoke appellants' right to occupy the premises. Instead, Mrs. York stated that she "moved because it was somebody else's house."
On January 9, 1997, appellants filed a complaint against appellees alleging a breach of contract by interfering with their quiet enjoyment of the property, unjust enrichment, and intentional infliction of emotional distress. In addition, appellants requested that the court partition the real estate. Appellees filed an answer and set forth two counterclaims alleging damage to their property and intentional infliction of emotional distress.
On January 13, 1998, appellees filed a motion for summary judgment. After the trial court denied appellees' motion for summary judgment, a bench trial commenced on January 28, 1999. By its March 3, 1999 decision and entry, the trial court dismissed appellants' claims and appellees' counterclaims. The trial court found that the agreement gave appellants a lease with the covenant of quiet enjoyment for the rest of appellants' lives. The trial court also found that any impairment of appellants' quiet enjoyment of the property was insufficient to sustain a breach of the covenant. Therefore, the trial court concluded that appellants' unjust enrichment claim was without merit in the absence of a breach, bad faith or fraud.
On March 17, 1999, appellants filed a motion for a new trial contending that the trial court erred by refusing to address the issue of unjust enrichment based upon its finding that there had been no breach of contract. By its May 11, 1999 decision and order, the trial court overruled appellants' motion for a new trial.
Appellants appeal, raising the following assignment of error:
 THE TRIAL COURT ERRED AS A MATTER OF LAW BY CONCLUDING THAT BECAUSE THE DEFENDANTS/APPELLEES HAD NOT BREACHED THE SPECIFIC TERMS OF THE CONTRACT, THE PLAINTIFFS/APPELLANTS WERE PRECLUDED FROM PURSUING A CLAIM OF UNJUST ENRICHMENT.
 In their assignment of error, appellants contend that the trial court erred by not addressing their claim of unjust enrichment.[3] Appellants argue that the trial court has a duty to apply equitable relief in this matter even in the absence of a breach of contract.
Unjust enrichment occurs where one party retains money or benefits that belong to another. Kappes v. Village of Moscow (May 4, 1998), Clermont App. No. CA97-09-078, unreported, at 11, citingHummel v. Hummel (1938), 133 Ohio St. 520, 528. Recovery under the theory of unjust enrichment requires a trial court to impose a quasi-contractual relationship upon the parties. Hummel at 525. Quasi-contracts are not true contracts, but are contracts implied-in-law to prevent injustice and are based on "equitable principles in order to provide a remedy." Paugh Farmer, Inc. v.Menorah Home for Jewish Aged (1984), 15 Ohio St.3d 44, 46. However, recovery under the theory of unjust enrichment is not an available remedy where the parties have fixed their relationship in an express contract and there is no evidence of fraud, bad faith, or breach. Kappes, at 11, citing Ullmann v. May (1947),147 Ohio St. 468, paragraph four of the syllabus. See, also,Gehrke v. Smith (July 6, 1993), Madison App. No. CA92-10-027, unreported, at 5.
In the present case, appellants argue that in the absence of a provision in the contract dictating a resolution when the parties are unable to live together, the court has a duty to impose equitable relief. In support of their argument, appellants rely on Sigrist v. Lyons (1995), 100 Ohio App.3d 252, wherein the court allowed the plaintiff to recover money from her fiancé under a theory of unjust enrichment after the termination of their engagement. Id. at 254. The plaintiff gave her fiancé money as a down payment for the anticipated marital home in reliance on a promise to marry. Id. After the parties terminated their engagement, the court allowed the plaintiff to recover the money under a theory of unjust enrichment. Id. Appellants argue that the court may impose equitable relief in this matter as in Sigrist
where the agreement fails to provide specific provisions for recovery. We disagree and find that the case before us is significantly distinguishable from Sigrist.
In reaching its decision, the court in Sigrist relied on Wilsonv. Dabo (1983), 10 Ohio App.3d 169. Id. Although not discussed in Sigrist, the court in Dabo based its decision upon Ohio's Heart Balm statute, R.C. 2305.29,[4] which precludes the recovery of civil damages based on a broken promise of marriage, and explained:
 the effect of R.C. 2305.29 is that a promise to marry partakes of a contract which is revocable by either party at will. When one party exercises this right to terminate the agreement, he or she should restore the other party to his or her original position with respect to property transferred in contemplation of fulfillment of the promise to marry. Requiring fulfillment of such equitable duty to restore the other party to the preagreement position does not constitute an award of damages for breach of promise to marry but is an order for restitution of property to which the reneging party no longer has a right, having relinquished it by exercising the statutory prerogative to terminate the promise to marry.
 Dabo at 170-171.
Unlike a promise to marry, appellants' contract was not revocable at will by either party. The theory of unjust enrichment is only applicable to a promise to marry when a party exercises his or her statutory prerogative to terminate the promise. See Dabo at 170-171. Consequently, the reasons for imposing the theory of unjust enrichment for the termination of a promise to marry are not applicable to appellants' case.
Moreover, in a similar case as the one before this court, the Fourth District Court of Appeals has found that a claim of unjust enrichment was moot based upon the existence of an oral contract.Birk v. Connell, 1994 Ohio App. LEXIS 754, at *11 (Feb. 24, 1994), Highland App. No. 831, unreported. In Birk, an elderly woman, Birk, voluntarily moved into a retirement home after paying her nephew the costs of constructing an addition onto his home in exchange for lifelong care and the right to live in his home. Id.
at *2, 6. The court found that Birk's reasons for leaving her nephew's home were "mild and vague" and dealt with "what people ordinarily experience when receiving care from others or when living in proximity to others." Id. at *16-17. The court held that these reasons were insufficient to find a genuine issue of material fact to survive a motion for summary judgment on Birk's breach of contract claim. Id. at *17. The court held that the existence of an oral contract vitiated a claim of unjust enrichment in the absence of a breach. Id. at *10-11.
Here, appellants seek to recover money that they gave appellees for construction of an addition presenting claims of breach of contract and unjust enrichment as did the plaintiff in Birk. Like Birk, appellants voluntarily vacated the premises after becoming unhappy with their living arrangements. Appellants do not dispute the trial court's finding that there was no breach of contract. In addition, appellants do not claim that appellees have been unjustly enriched due to fraud or bad faith. Appellees have never revoked appellants' right to occupy the premises that would constitute a breach and allow a remedy under the theory of unjust enrichment. See, e.g., Robbins v. Warren (May 6, 1996), Butler App. No. CA95-11-200, unreported, at 8-9 (finding that a constructive trust could be imposed under a theory of unjust enrichment where the granddaughter in exchange for money to purchase a larger home agreed to provide her grandmother with a home and lifelong care and failed to do so).
In light of the foregoing, we find that unjust enrichment is not an available remedy for appellants when they have fixed their relationship in a valid written agreement and there is no evidence of fraud, bad faith, or breach. See Gehrke, Madison App. No. CA92-10-027, unreported, at 5; Birk, 1994 Ohio App. LEXIS 754, at *10.
Accordingly, the trial court properly dismissed appellants' claim of unjust enrichment and overruled their motion for a new trial. Appellants' assignment of error is overruled.
Judgment affirmed.
WALSH and VALEN, JJ., concur.
[1] The trial court found that appellees' ability to sell their property without appellants' consent resulted in a restriction upon the alienation of the property. Appellees had recorded the restriction in the property's chain of title.
[2] The trial court found that although the written agreement used the word "gift," it was clear that the money was not a gift and appellees undertook a series of obligations in consideration of the money.
[3] Appellants filed a notice with this court that a transcript of the trial would not be filed in this matter and that the appeal is based upon the pleadings, affidavits and depositions in the record. We note that the final written arguments were not timely filed in the trial court by either party. In its March 3, 1999 decision, the trial court considered the late arguments waived and, therefore, the late arguments were stricken from the record.
[4] R.C. 2305.29 states "[n]o person shall be liable in civil damages for any breach of a promise to marry, alienation of affections, or criminal conversation."