OPINION *Page 2 
{¶ 1} Defendants-appellants Blue Belle, Inc. and David Sellers appeal the May 15, 2007 Judgment Entry of the Licking County Court of Common Pleas in favor of plaintiff-appellee Fairfax Homes, Inc.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On July 1, 1998, the parties herein entered into a contact for Fairfax Homes, Inc. (hereinafter "Fairfax"), a developer, to develop single-family homes on land owned by Blue Belle, Inc. (hereinafter "Blue Belle") with David Sellers, President (hereinafter collectively "Appellants").
 {¶ 3} On June 10, 1999, the parties entered into another contract relative to Phase IV of the subdivision. The contract provided for the sale of lots in Phase IV for the sum of $48,500.00 each, and stated:
 {¶ 4} "(C)ontingent upon Buyer of property qualifying for financing. Buyer to receive a 3% excavation credit at closing. Terms to be the same as in Phases I, II, III, of contract and addendum to purchase the first three phases of the Fairmount Subdivision contract dated July 1, 1998, minimum of 10 lots to be sold in Phase IV."
 {¶ 5} An addendum was executed on February 4, 2000, reciting prior addendums dated July 1, 1998, and June 1, 1999, were null and void. The addendum also recited it was to be attached to and made a part of the July 1, 1998 contract, and addressed the purchase of lots in Phases I, II, III. The 1999 contract provided the transaction shall be closed on or before "TBD."
 {¶ 6} The parties completed their transactions with regard to Phases I, II and III. The instant action relates only to Phase IV. *Page 3 
 {¶ 7} It was discovered part of the land in Phase IV involved a wetland area at the eastern end of Blue Belle's property, and the initial plan for Phase IV had to be revised to 8 lots instead of 10. The EPA also required the lot sizes be larger due to the wetland area; 2.5 acres compared to 2 acres.
 {¶ 8} Fairfax indicated dissatisfaction with the number of lots, and Blue Belle withdrew the application for the Phase IV plat from the Licking County Planning Commission and discussed with the Planning Commission a way to maintain the 10 lots addressed by the 1999 contract. The Planning Commission informed Blue Belle the lots in Phase IV had to be contiguous, and Blue Belle proceeded to have the plan redrawn, selecting a site to the west of the original location. The final plat approved by the Licking County Planning Commission provides for 10 lots with 2.5 acre minimum lot sizes.
 {¶ 9} The EPA eventually reversed its mandate for the 2.5 acre minimum lot size, reverting to the 2 acre minimum. However, Blue Belle maintained it was too late to replat and re-engineer Phase IV.
 {¶ 10} Fairfax then initiated this action for breach of contract and fraud. Appellants counterclaimed alleging unjust enrichment and irreparable damage if the contract is enforced, and willful or negligent disposal of construction debris.
 {¶ 11} Following a trial to the magistrate, the magistrate, via Magistrate's Decision, issued findings of fact and conclusions of law on May 17, 2005
 {¶ 12} On August 19, 2005, Fairfax filed objections to the Magistrate's Decision. On September 2, 2005, Appellants filed a reply to the objections. On October 7, 2005, *Page 4 
the trial court, via Judgment Entry, found Appellee's objections not meritorious, approving and adopting the May 17, 2005 Magistrate's Decision.
 {¶ 13} On appeal, via Judgment Entry of May 8, 2006, this Court reversed the judgment of the trial court holding the contract met the tests of contractual certainty, and remanded the matter to the trial court for further proceedings in order to consider whether Appellants had established any affirmative defenses.
 {¶ 14} On remand, by Magistrate's Decision filed March 16, 2007, the magistrate found Appellants had successfully established the defense of mistake of fact, which was material to the essential elements of the contract and prevented a meeting of the minds of the parties. Accordingly, the magistrate concluded the contract should be rescinded.
 {¶ 15} Following objections, via Judgment Entry of May 15, 2007, the trial court reversed the magistrate's decision, finding the contract enforceable, and there was no mutual mistake of any express provisions of the contract, granting judgment in favor of Appellee Fairfax.
 {¶ 16} Appellants Blue Belle and Sellers now appeal, assigning as error:
 {¶ 17} "I. THE TRIAL COURT COMMITTED ERROR IN REVERSING THE MAGISTRATE'S DECISION AND BY ITS FAILURE TO AVOID THE CONTRACT BY AND BETWEEN THE PARTIES BY REASON OF MUTUAL MISTAKE."
 {¶ 18} In the sole assignment of error, Appellants assert the trial court erred in failing to find the contract void due to mutual mistake. Specifically, Appellants assert the end result was entirely different than the parties anticipated, and it is unfair to require the sale of more land for the price than contemplated. Appellants argue the magistrate, who listened to the trial testimony and observed the evidence, is in a better *Page 5 
position to determine the common assumptions of the parties and to make findings and conclusions as to whether minds had met. Appellants cite the magistrate's reliance on Reilly v. Richards (1994),69 Ohio St.3d 352, holding when the parties to a real estate purchase agreement share a common assumption about a material fact only to find that the assumption is false, the transaction may be rescinded if the mistake prevents a meeting of the minds.
 {¶ 19} As a general rule, parties cannot enter into an enforceable contract unless they come to a meeting of the minds on the essential terms of the contract. Alligood v. Proctor Gamble Co. (1991),72 Ohio App.3d 309. The essential terms of a contract have been identified as "the identity of the parties to be bound, the subject matter of the contract, consideration, a quantity term and a price term." Id.
 {¶ 20} Upon review, the contract's description of the land as ten buildable lots in the platted Fairmont subdivision in Licking County is definite and sufficient enough to be applied without more information, and demonstrates Blue Belle could decide where the lots were located, so long as there were "ten buildable lots." The contract clearly identifies the parties to the contract, the subject of the contract, the quantity of land being sold and the price. The location of the lots was not an essential term of the contract. Rather, Appellants had the discretion to determine the location of the lots, so long as they were sold under the contract at the contract price. The evidence presented indicates Blue Belle could have sold the lots at the contract price, albeit for less profit than originally contemplated. Tr. at 28-29. Accordingly, the alleged mistake does not go to the material terms of the contract, and Appellants have not demonstrated a mutual mistake of material fact. *Page 6 
 {¶ 21} The May 15, 2007 Judgment Entry of the Licking County Court of Common Pleas is affirmed.
 Hoffman, P.J., Gwin, J. and Wise, J. concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to Appellants. *Page 1