[Cite as *Lyon Revocable Trust v. Berry*, 2026-Ohio-2369.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

RENA LYON REVOCABLE TRUST,

    PLAINTIFF-APPELLANT,

  v.

TRENT BERRY, ET AL.,

    DEFENDANTS-APPELLEES.

CASE NO. 8-26-02

OPINION AND
JUDGMENT ENTRY

Appeal from Logan County Common Pleas Court
Trial Court No. CV 22 12 0344

**Judgment Affirmed**

Date of Decision:  June 22, 2026

APPEARANCES:

    *Zebulon N. Wagner* and *Madyson S. Carothers* for Appellant

    *Kaylee R. Price* for Appellees

**ZIMMERMAN, P.J.**

{¶1} Plaintiff-appellant, the Rena Lyon Revocable Trust ("Lyon Trust"), appeals the January 23, 2026 judgment of the Logan County Court of Common Pleas granting summary judgment in favor of defendants-appellees, Trent Berry and Faith Berry (collectively, "the Berrys"). For the reasons that follow, we affirm.

{¶2} This case stems from a dispute regarding the sale of real estate and an alleged agreement concerning the storage and relocation of Rena Lyon's ("Lyon") personal property. Previously, the trial court dismissed the Lyon Trust's amended complaint, and this court reversed the trial court's judgment and remanded the matter for further proceedings on February 10, 2025.[1] This appeal represents a progression of the continued litigation between the parties.

{¶3} Following remand, on March 21, 2025, the Berrys filed their answer to the Lyon Trust's October 19, 2023 amended complaint, which asserted claims for fraud, unjust enrichment, conversion, and breach of contract.

{¶4} On September 2, 2025, the Berrys filed a motion for summary judgment. The Lyon Trust filed a memorandum in opposition to the Berrys' motion for summary judgment on September 26, 2025. The Berrys filed their reply on October 10, 2025. After being granted leave, the Lyon Trust filed an additional response on October 17, 2025.

---

[1] The underlying facts and procedural history were thoroughly detailed in our previous decision and we will not duplicate those efforts here. *See Rena Lyon Revocable Trust v. Berry*, 2025-Ohio-425 (3d Dist.).

{¶5} On January 23, 2026, the trial court granted summary judgment in favor of the Berrys after determining, through the application of the parol evidence rule, that the Lyon Trust's claims for breach of contract and unjust enrichment were barred because the allegations would improperly vary, contradict, or add to the terms of the fully integrated residential purchase agreement. Similarly, the trial court determined that the Lyon Trust's fraud claim was contradicted by the residential purchase agreement. Finally, as to the conversion claim, the trial court, relying on the March 14, 2023 magistrate's order permitting Lyon to remove her personal property by May 15, 2023, concluded that the Lyon Trust could not establish that the Berrys wrongfully exercised dominion over the property.

{¶6} The Lyon Trust filed a notice of appeal on February 19, 2026. It raises four assignments of error for our review, which we will review together.

**First Assignment of Error**

**The Trial Court Erred By Applying The Parol Evidence Rule To Appellant's Claim For Breach Of Contract.**

**Second Assignment of Error**

**The Trial Court Erred By Applying The Parol Evidence Rule To Appellant's Claim For Unjust Enrichment.**

**Third Assignment of Error**

**The trial Court Erred In Finding No Issue Of Material Fact As To Appellant's Fraud Claim.**

## Fourth Assignment of Error

### The Trial Court Erred In Finding No Issue Of Material Fact As To Appellant's Conversion Claim.

{¶7} The Lyon Trust's assignments of error challenge the trial court's decision granting the summary judgment in favor of the Berrys. In its first and second assignments of error, the Lyon Trust contends that the trial court erred by applying the parol evidence rule to bar its claims for breach of contract and unjust enrichment. In its third assignment of error, the Lyon Trust argues that summary judgment as to its fraud claim was improper because the alleged misrepresentations are not directly contradicted by the residential purchase agreement. Finally, in its fourth assignment of error, the Lyon Trust argues that a genuine issue of material fact remains as to the conversion claim since some of the personal property was allegedly sold or missing at the time Lyon was permitted to retrieve the items.

### Standard of Review

{¶8} We review a decision to grant summary judgment de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 390 (2000). Summary judgment is proper where there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can reach but one conclusion when viewing the evidence in favor of the non-moving party, and the conclusion is adverse to the non-moving party. Civ.R. 56(C); *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 219 (1994).

*Analysis*

{¶9} On appeal, the Lyon Trust argues that summary judgment was improperly granted in favor of the Berrys becuase (1) the trial court erroneously applied the parol evidence rule to bar the breach of contract and unjust enrichment claims because the personal property agreement and the residential purchase agreement involve completely different subject matters; (2) the trial court improperly barred the fraud claim because the alleged misrepresentations are not directly contradicted by a signed writing; (3) a genuine issue of material fact remains regarding the conversion claim because certain items of personal property were allegedly sold or missing at the time of retrieval; and (4) the breach of contract and conversion claims are not mutually exclusive alternative causes of action because they seek distinct measures of damages.

*Breach of Contract/Unjust Enrichment*

{¶10} Beginning with its first and second assignments of error, the Lyon Trust contends that the trial court erred by granting summary judgment in favor of the Berrys as to its breach of contract and unjust enrichment claims through the application of the parol evidence rule.

{¶11} "A cause of action for breach of contract requires the claimant to establish the existence of a contract, the failure without legal excuse of the other party to perform when performance is due, and damages or loss resulting from the breach." *Lucarell v. Nationwide Mut. Ins. Co.*, 2018-Ohio-15, ¶ 41. To establish

the existence of a valid contract, a plaintiff must demonstrate the essential elements of an offer, acceptance, contractual capacity, consideration, a manifestation of mutual assent, and legality of object and of consideration. *Kostelnik v. Helper*, 2002-Ohio-2985, ¶ 16. "A meeting of the minds as to the essential terms of the contract is a requirement to enforcing the contract." *Id.* These essential terms include the identity of the parties, the subject matter, the consideration, the quantity, and the price. *Fairfax Homes, Inc. v. Blue Belle, Inc.*, 2008-Ohio-2400, ¶ 19 (5th Dist.).

{¶12} Distinct from a breach of contract claim, "[u]njust enrichment is an equitable doctrine based on a quasi-contract rather than contract law." *Frederick C. Smith Clinic, Inc. v. Savage*, 2013-Ohio-748, ¶ 30 (3d Dist.). "Unjust enrichment occurs under Ohio law '"when a party retains money or benefits which in justice and equity belong to another."'" *Padula v. Wagner*, 2015-Ohio-2374, ¶ 47 (9th Dist.), quoting *Liberty Mut. Ins. Co. v. Indus. Comm. of Ohio*, 40 Ohio St.3d 109, 111 (1988), quoting *Stan-Clean of Lexington, Inc. v. Stanley Steemer Internatl., Inc.*, 2 Ohio App.3d 129, 131 (10th Dist. 1981). To prevail on a claim for unjust enrichment, a plaintiff must prove (1) a benefit conferred by the plaintiff upon the defendant, (2) the defendant's knowledge of the benefit, and (3) the defendant's retention of the benefit under circumstances that make it unjust to do so without payment. *Frederick C. Smith Clinic* at ¶ 30.

{¶13} Because the viability of both claims ultimately hinges on the scope and terms of the parties' agreements, we must determine the legal boundaries of the residential purchase agreement. "The parol evidence rule provides that '"absent fraud, mistake or other invalidating cause, the parties' final written integration of their agreement may not be varied, contradicted or supplemented by evidence of prior or contemporaneous oral agreements, or prior written agreements."'" *P.J. Lindy & Co. v. Savage*, 2019-Ohio-736, ¶ 20 (6th Dist.), quoting *Galmish v. Cicchini*, 90 Ohio St.3d 22, 27 (2000), quoting 11 Williston on Contracts, § 33:4, at 569-570 (4th Ed. 1999). "'It is not a rule of evidence or contract interpretation but, rather, it is "a rule of substantive law which, when applicable, defines the limits of a contract."'" *Id.*, quoting *Galmish* at 27, quoting *Charles A. Burton, Inc. v. Durkee*, 158 Ohio St. 313 (1952), paragraph one of the syllabus. "The parol evidence rule protects the integrity, predictability, and enforceability of written contracts by prohibiting evidence of any purported agreements that are extrinsic to the contract." *Id.* "'Extrinsic evidence is excluded because it cannot serve to prove what the agreement was, this being determined as a matter of law to be the writing itself.'" *Id.*, quoting *Galmish* at 27.

{¶14} "'The parol evidence rule derives from the corollary principle of "contract integration," which provides that a written contract which appears to be complete and unambiguous on its face will be presumed to embody the final and complete expression of the parties' agreement.'" *Hahn v. Farmakis-King*, 2026-

Ohio-778, ¶ 26 (11th Dist.), quoting *Fontbank, Inc. v. CompuServe, Inc.*, 138 Ohio App.3d 801, 808 (10th Dist. 2000). *See also Green v. CDO Technologies*, 2021-Ohio-1603, ¶ 18 (2d Dist.) ("An 'integration' for purposes of the parol evidence rule 'is "[t]he full expression of the parties' agreement, so that all earlier agreements are superseded, the effect being that neither party may later contradict or add to the contractual terms."'"), quoting *Williams v. Spitzer Autoworld Canton, L.L.C.*, 2009-Ohio-3554, ¶ 28 (Cupp, J., concurring), quoting *Black's Law Dictionary* (9th Ed. 2009).

{¶15} "'A contract is fully integrated when both parties to the contract adopt it as a final and complete statement of the terms of their agreement.'" *Hahn* at ¶ 26, quoting *Miller v. Lindsay-Green, Inc.*, 2005-Ohio-6366, ¶ 37 (10th Dist.). Conversely, a contract is only partially integrated when the parties adopt it as the final expression of just one portion of a larger agreement. *Id.* "While the parol evidence rule applies to completely or fully integrated contracts, it does not apply to partially integrated contracts." *McGonagle v. Somerset Gas Transm. Co.*, 2011-Ohio-5768, ¶ 19 (10th Dist.). The presumption of full integration is strongest where a written agreement contains a merger or integration clause expressly indicating that the agreement constitutes the parties' complete and final understanding regarding the subject matter. *Fontbank* at 808.

{¶16} Based on our review of the record, we conclude that there is no genuine issue of material fact that the residential purchase agreement is a fully

integrated contract and that the personal property agreement cannot be used to alter its terms. *See Ginn v. Stonecreek Dental Care*, 2015-Ohio-4452, ¶ 28 (12th Dist.). As we outlined in the previous appeal, the parties executed a residential purchase agreement on October 28, 2022 for $450,000.00. Except for a John Deere tractor, the residential purchase agreement did not include the sale of any other personal property. The residential purchase agreement provides, in its relevant part, that

> **XII. TIME.** Time is of the essence. All understandings between the Parties are incorporated in this Agreement. The Parties intend its terms as a final, complete and exclusive expression of their Agreement with respect to its subject matter and they may not be contradicted by evidence of any prior agreement or contemporaneous oral agreement.
>
> . . .
>
> **XV. ENTIRE AGREEMENT.** This agreement with any attached addendums or disclosures shall supersede any and all other prior understandings and agreements, either oral or in writing, between the Parties with respect to the subject matter hereof and shall constitute the sole and only agreements between the Parties with respect to the said Property. All prior negotiations and agreements between the Parties with respect to the Property hereof are merged into this Agreement. Each Party to this Agreement acknowledges that no representations, inducements, promises, or agreements, orally or otherwise, have been made by any Party or by anyone acting on behalf of any Party, which are not embodied in this Agreement and that any agreement, statement or promise that is not contained in this agreement shall not be valid or binding or of any force or effect.

(Emphasis in original.) (Doc. No. 51, Ex. A).

{¶17} Notwithstanding the clear, unambiguous integration clauses in the executed agreement, the Lyon Trust alleges that, contemporaneously with the

-9-

negotiation for the sale of the residence, the parties also negotiated a separate agreement regarding Lyon's personal property. This unexecuted agreement provided that the Berrys would store Lyon's personal belongings at the residence until her new Kentucky residence was completed, and then pack, load, transport, and unload those belongings.

{¶18} On appeal, the Lyon Trust argues that, because this collateral agreement is entirely *separate* from the real estate transaction, the parol evidence rule does not bar its enforcement. However, the Lyon Trust explicitly undermined this position in its motion for summary judgment and accompanying affidavit. *Compare Marable v. Michael J. Auto Sales*, 2013-Ohio-1750, ¶ 9 (1st Dist.) (determining that the admission of extrinsic evidence regarding an unwritten promise violated the parol evidence rule because it directly contradicted the unambiguous terms of a fully integrated contract). Indeed, these filings negate any genuine issue of material fact that the residential purchase agreement constitutes the fully integrated agreement of the parties. Critically, in those filings the Lyon Trust alleged that the Berrys' agreement to store and move the personal property was a *material consideration* for Lyon's agreement to sell the home for $450,000. *See Marion Family YMCA v. Hensel*, 2008-Ohio-4413, ¶ 7 (3d Dist.) (explaining that a contractual term is material if it represents an obligation "so fundamental to a contract that the failure to perform defeats the essential purpose of the contract"). More specifically, the Lyon Trust asserted that a realtor provided an informal

valuation of the home at approximately $533,000, and that the $83,000 difference between this recommended list price and the $450,000 actual sale price represented the fee for the moving and storage services.

{¶19} By directly tying the valuation, purchase price, and consideration of the real estate transaction to the unexecuted personal property agreement, the Lyon Trust inextricably intertwined the two agreements. *See, e.g.*, *Olah v. Ganley Chevrolet*, 2010-Ohio-5485, ¶ 17 (8th Dist.) (asserting that, where an extrinsic claim or impression is inextricably linked to the core representations of a transaction, the parol evidence rule prohibits the use of such evidence to contradict the final written contract). In other words, if the storage and transportation of the personal property served as material consideration for the sale of the real estate, those terms should have been incorporated into the fully integrated residential purchase agreement. *See Williams v. Spitzer Autoworld Canton, L.L.C.*, 2009-Ohio-3554, ¶ 30 (Cupp, J., concurring) (noting that a collateral agreement cannot survive the parol evidence rule unless it is an agreement that "would naturally be omitted from the written instrument").

{¶20} Allowing the Lyon Trust to enforce a contemporaneous, unexecuted agreement that alters the fundamental consideration of the real estate transaction directly violates the parol evidence rule. *Accord id.* at ¶ 29 (emphasizing that attempting to prove a contradictory assertion through extrinsic evidence "is exactly what the Parol Evidence Rule was designed to prohibit"). Consequently, the

execution of the fully integrated residential purchase agreement extinguished any collateral promises regarding the moving services. *See Trinova Corp. v. Pilkington Bros.*, 70 Ohio St.3d 271, 275 (1994) (analyzing that, where a written contract represents the total integration of the parties' intent, any prior collateral agreements "lose [their] vitality for all purposes" and "cease to exist"). Therefore, the trial court correctly determined that the residential purchase agreement was the complete and unambiguous integration of the parties' agreement, barring the breach of contract claim. *See Marable* at ¶ 9 (concluding that "the merger clause in the written contract indicates that the writing is fully integrated, and it supersedes any previous agreements or understandings between the parties"), citing *Keel v. Toledo Harley-Davidson/Buell*, 2009-Ohio-5190, ¶ 9-11 (6th Dist.).

{¶21} Furthermore, because the residential purchase agreement constitutes the fully integrated, express contract governing the transaction and the consideration exchanged between the parties, the Lyon Trust's unjust enrichment claim is likewise barred as a matter of law. Indeed, "Ohio law does not permit recovery under the theory of unjust enrichment when an express contract covers the same subject." *Padula*, 2015-Ohio-2374, at ¶ 48 (9th Dist.). *See also Frederick C. Smith Clinic*, 2013-Ohio-748, at ¶ 30 (3d Dist.) ("This Court has previously held that 'the doctrine of unjust enrichment cannot apply when an express contract exists.'"), quoting *Nationwide Mut. Fire Ins. Co. v. Delacruz*, 2010-Ohio-6068, ¶ 21 (3d Dist.). Therefore, since the fully integrated residential purchase agreement governs the

same subject matter, the trial court properly granted summary judgment as to the unjust enrichment claim.

*Fraud*

**{¶22}** Turning to its third assignment of error, the Lyon Trust argues that the trial court erred by granting summary judgment in favor of the Berrys as to its fraud claim. Here, the Lyon Trust asserts that the alleged fraudulent misrepresentations—specifically, that the Berrys promised to store and relocate the personal property—are not directly contradicted by the residential purchase agreement because the agreement is silent on the issue of personal property.

**{¶23}** To prevail on a claim for fraud, a plaintiff must prove (1) a representation or, where there is a duty to disclose, concealment of a fact, (2) the materiality of the representation or concealment to the transaction, (3) knowledge of its falsity or reckless disregard for its truth, (4) the intent to mislead another into relying upon it, (5) justifiable reliance, and (6) a resulting injury proximately caused by the reliance. *Thomas v. Delgado*, 2022-Ohio-4235, ¶ 25 (3d Dist.).

**{¶24}** Because the Lyon Trust's fraud claim is predicated on alleged promises made entirely outside the residential purchase agreement, the application of the parol evidence rule is once again implicated. In this context, "'the parol evidence rule does not prohibit a party from introducing parol or extrinsic evidence for the purpose of proving fraudulent inducement.'" *P.J. Lindy*, 2019-Ohio-736, at ¶ 20 (6th Dist.), quoting *Galmish*, 90 Ohio St.3d at 28. *See also Harrel v. Solt*, 2000

Ohio App. LEXIS 6312, *27, fn. 9 (4th Dist.) (acknowledging that "[t]he inclusion of an integration clause into a real estate purchase contract does not vitiate the principle that parol evidence is admissible to prove fraud"). Indeed, the parol evidence rule was never intended to act as a shield for fraud; a party cannot fraudulently induce a written agreement merely to strip the courts of their power to remedy the deception. *P.J. Lindy* at ¶ 20.

{¶25} "The parol evidence rule, however, 'may not be avoided "by a fraudulent inducement claim which alleges that the inducement to sign the writing was a promise, the terms of which are directly contradicted by the signed writing."'" *Id.* at ¶ 21, quoting *Galmish* at 29, quoting *Marion Prod. Credit Assn. v. Cochran*, 40 Ohio St. 3d 265 (1988), paragraph three of the syllabus. That is, a party cannot prove fraud by relying on an alleged promise that falls within the scope of an integrated agreement but was omitted from its final terms. *Marable*, 2013-Ohio-1750, at ¶ 10 (1st Dist.). *See also Hetmanski v. Hetmanski*, 2024-Ohio-1646, ¶ 5 (11th Dist.) ("Fraud in the inducement may not be proven through parol evidence that directly contradicts the final, integrated document."). "An integration clause is nothing more than the contract's embodiment of the parol evidence rule, i.e., that matters [occurring] prior to or contemporaneous with the signing of a contract are merged into and superseded by the contract." *Rucker v. Everen Secs., Inc.*, 2004-Ohio-3719, ¶ 6 (Sweeny, J., dissenting). "Thus, when a party alleges that it has been fraudulently induced to enter a written contract through the other party's

misrepresentations of fact, the relevant question is whether the alleged representations 'directly contradict' the signed agreement." *P.J. Lindy* at ¶ 21.

{¶26} Here, the Lyon Trust's fraud claim is premised on the allegation that Lyon was fraudulently induced into selling the real estate at the reduced $450,000 price based on the Berrys' alleged collateral promise to store and move the personal property. However, the merger clause in the residential purchase agreement reflects that the contract is fully integrated and supersedes any previous agreements between the parties. *Accord Marable* at ¶ 9. Because the alleged collateral promise to provide approximately $83,000 worth of storage and moving services goes to the fundamental consideration for the property, the substance of the personal property agreement falls *entirely* within the scope of the residential purchase agreement. *Accord id.* at ¶ 11 (determining that the appellants "could not contradict the terms of the written contract with the alleged misrepresentation" because "the substance of the alleged oral agreement was within the scope of the written agreement"). By attempting to alter the purchase price, this alleged promise directly contradicts an essential term of the integrated contract. *Accord Jeffrey Allen Industries, LLC v. Trimble*, 2011-Ohio-2655, ¶ 68 (5th Dist.) (concluding that an alleged pre-contract promise to pay a higher price than the amount set out in the written agreement "certainly varies and contradicts an essential term of the contract," thereby barring the fraud claim). Therefore, there is no genuine issue of material fact, and the Lyon Trust's fraud claim fails as a matter of law.

*Conversion*

{¶27} In its fourth and final assignment of error, the Lyon Trust shifts its focus from the real estate transaction to the physical personal property itself, challenging the trial court's decision granting summary judgment in favor of the Berrys as to its conversion claim. "Conversion is the '"wrongful exercise of dominion over property to the exclusion of the rights of the owner, or withholding it from his possession under a claim inconsistent with his rights."'" *Warnecke v. Chaney*, 2011-Ohio-3007, ¶ 15 (3d Dist.), quoting *State ex rel. Toma v. Corrigan*, 92 Ohio St.3d 589, 592 (2001), quoting *Joyce v. Gen. Motors Corp.*, 49 Ohio St.3d 93, 96 (1990). To prevail on a claim for conversion, a plaintiff must establish (1) ownership or right to possession of the property at the time of the conversion, (2) a wrongful act or disposition of those property rights by the defendant, and (3) resulting damages. *Id.* "'When a defendant to a conversion claim moves for summary judgment, the court should grant the motion if the plaintiff fails to produce evidence on any of' these three elements." *Hanneman Family Funeral Home & Crematorium v. Orians*, 2022-Ohio-984, ¶ 47 (3d Dist.), quoting *Minix v. Collier*, 1998 Ohio App. LEXIS 1427, *11 (4th Dist. Mar. 31, 1998).

{¶28} On appeal, the Lyon Trust argues that genuine issues of material fact remain as to the conversion claim because certain items of personal property were allegedly sold or missing when Lyon retrieved her belongings in May 2023. Consequently, the Lyon Trust contends that the breach of contract and conversion

claims are *not* mutually exclusive alternative causes of action because they seek distinct measures of damages.

**{¶29}** The Lyon Trust correctly notes that, as a general rule of pleading, a plaintiff may raise claims for breach of contract and conversion as alternative causes of action. *Navidea Biopharmaceuticals v. Capital Royalty Partners II, L.P.*, 2021-Ohio-808, ¶ 84 (10th Dist.); Civ.R. 8(E)(2). "An action for damages may be held in either one or the other." *Navidea* at ¶ 84.

**{¶30}** However, while pleading in the alternative is permissible, a plaintiff generally cannot recover in tort for damages that are purely economic in nature. *Plus Mgt. Servs. v. Liberty Healthcare Corp.*, 2024-Ohio-3127, ¶ 24 (2d Dist.). This rule maintains the critical boundary between tort law, designed to redress breaches of duties imposed to protect society, and contract law, ensuring commercial parties remain free to govern their own affairs. *Id.* "'The concern is that if tort remedies were available where the losses suffered were only economic, then private ordering (contract law) would be less effective.'" *Id.* at ¶ 25, quoting *Motorists Mut. Ins. Co. v. Ironics, Inc.*, 2022-Ohio-841, ¶ 68. "'If a party could simply avoid its contractual bargain by suing in tort, which often offers more generous terms of recovery, then the effectiveness of contract law would be reduced.'" *Id.*, quoting *Motorists Mut. Ins. Co.* at ¶ 68.

**{¶31}** To be sure, "[n]ot all tort claims fall under the economic loss rule." *Zak v. Airhart*, 2021-Ohio-4399, ¶ 44 (6th Dist.). "'A plaintiff may pursue such a

tort claim if it is "based exclusively upon [a] discrete, preexisting duty in tort and not upon any terms of a contract or rights accompanying privity."'" *Id.*, quoting *Windsor Medical Center, Inc. v. Time Warner Cable, Inc.*, 2021-Ohio-158, ¶ 27 (5th Dist.), quoting *Corporex Dev. & Constr. Mgt., Inc. v Shook, Inc.*, 2005-Ohio-5409, ¶ 9. "Claims for fraud or conversion, for example, can survive application of the rule where the 'tort duty was breached independent of the contract . . . .'" *Id.*, quoting *Windsor Medical* at ¶ 28.

{¶32} Nevertheless, "even in cases involving intentional torts, a mere breach of contract 'does not create a tort claim.'" *Plus Mgt. Servs.* at ¶ 26, quoting *Textron Fin. Corp. v. Nationwide Mut. Ins. Co.*, 115 Ohio App.3d 137, 151 (9th Dist. 1996). *See also KSMAC Holdings v. Ice Zone Realty, Ltd.*, 2022-Ohio-1456, ¶ 56 (7th Dist.) ("The law in Ohio is that a breach of contract claim does not create a tort claim."). Thus, "the existence of a contract action ordinarily precludes a plaintiff from presenting the same claim as a tort." *Plus Mgt. Servs.* at ¶ 26. An intentional tort and a contract claim can co-exist only if (1) the breaching party also breaches a duty owed separately from that created by the contract, and (2) the intentional tort involves damages that are separate and distinct from the breach of contract. *Id.* at ¶ 26-27.

{¶33} Here, the record reflects that the Lyon Trust's conversion claim is functionally indistinguishable from its breach of contract claim. *See KSMAC Holdings*, 2022-Ohio-1456, at ¶ 58 (7th Dist.) (concluding that the plaintiff's claim

for conversion was precluded by its existing breach of contract claim because the plaintiff introduced no evidence demonstrating an independent duty). Critically, the Lyon Trust seeks the *same* $83,000 in damages for the alleged conversion of the personal property as it claimed was the material consideration for the Berrys' alleged breach of the residential purchase agreement.

{¶34} While the Lyon Trust attempts to save its tort claim by arguing on appeal that certain items were allegedly sold or missing at the time of retrieval, this argument is unavailing. *See Plus Mgt. Servs.* at ¶ 27 (noting that "Plus's suggestion that Liberty separately engaged in conversion by intentionally failing to turn over accounts receivable 'does not change the contractual nature' of Plus's [conversion] claim"), quoting *Textron Fin. Corp.*, 115 Ohio App.3d at 151. Importantly, to survive summary judgment here, the Lyon Trust was required to present Civ.R. 56 style evidence establishing a separate and distinct measure of damages for those specific items, independent from the overall $83,000 contract claim. The record is devoid of any such evidence. *See Hanneman Family Funeral Home*, 2022-Ohio-984, at ¶ 49, 52 (3d Dist.) (concluding that summary judgment as to the conversion claim was appropriate because the plaintiffs failed to provide any evidence to support the element of damages).

{¶35} Because the Lyon Trust relies on the exact same economic loss to support both its contract and conversion theories, it failed to establish a genuine issue of material fact that it suffered damages separate and distinct from the alleged

breach of contract.  Consequently, the conversion claim is duplicative and fails as a matter of law.  *See KSMAC Holdings* at ¶ 59.  The trial court, therefore, did not err by granting summary judgment in favor of the Berrys as to the conversion claim.

{¶36} For these reasons, the Lyon Trust's assignments of error are overruled.

{¶37} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**MILLER and WALDICK, J.J., concur.**

Case No. 8-26-02

# <u>JUDGMENT ENTRY</u>

For the reasons stated in the opinion of this Court, the assignments of error are overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered.  The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket.  *See* App.R. 30.

William R. Zimmerman, Judge

Mark C. Miller, Judge

Juergen A. Waldick, Judge

DATED:
/hls

-21-